

RECEIVED
SEP 01 2017
U.S.D.C.
WP

Honorable Vernon S. Broderick  
United States District Court  
Southern District of New York  
New York, New York 10007

September 1st 2017

Re: Humphreys v. New York City Health and Hospitals Corporation  
Case No.: 16-CV-9707(VSB)

Dear Judge Broderick:

On July 14th 2017, Plaintiff filed a corrected second amended complaint ("CSAC") against Defendant ("HHC") alleging violations of the Family and Medical Leave Act of 1993 ("FMLA"); Title VII of the Civil Rights Act of 1964 ("Title VII"); New York State Human Rights Law ("NYSHRL"); New York City Human Rights Law ("NYCHRL"); New York Labor Law ("NYLL"); Americans with Disabilities Act of 1990 ("ADA"); Fair Labor Standards Act ("FLSA"); and Equal Pay Act ("EPA"). [See *Dkt # 24*]. On August 4th 2017, Defendant wrote a letter to the Court requesting pre-motion conference regarding an anticipated partial motion to dismiss. [See *Dkt # 25*]. Plaintiff now submits this letter opposing Defendant's motion. For the reasons that follow, Defendant's motion should be denied.

### ■ADA & TITLE VII Doesn't Bar All Incidents Occurring Prior to the Statute of Limitations

Defendant argues in its motion that Plaintiff's ADA and Title VII claims are partially time-barred because incidents occurring prior to the 300 day statue limitations are time-barred under Title VII and the ADA in New York. However, Title VII and ADA's statute of limitations period only bars discrete acts (not subject to tolling). Defendant failed to distinguish between discrete acts, continuous acts, and acts subject to tolling. Accordingly, Defendant's motion with respect to timeless of Plaintiff's ADA and Title VII claims should be denied. [See *Seabrook v. Indep. Sch. Dist. & Brenda Lewis, Civil No. 16-2245(DSD/BRT) (D. Minn. Feb. 21, 2017)* "*Defendants argue that the race and sex discrimination claims are barred by the MHRA and Title VII to the extent they are based on conduct that occurred before June 29, 2015, or September 29, 2015... Defendants, however, fail to distinguish between discrete and continuous violations. Discrete adverse employment actions..."start a new clock for filing charges alleging that act" whereas continuing violations... are not time barred if "all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period.."*]

Plaintiff's ADA cause of action is timely. In order to pursue a timely claim under the ADA and Title VII in New York one can first file a charge with the EEOC within 300 days of a discriminatory act, receive a right to sue letter, and file suit within ninety days of receipt of a right-to-sue-letter [See *42 U.S.C. § 2000e-5(e)(1)*]. Because Plaintiff filed her EEOC Charge on August 18th 2015, less than 300 days from all the alleged ADA violations listed in Plaintiff's complaint [See *Dkt # 24*] and Plaintiff filed this suit on December 15th 2016, less than 90 days from September 19th 2016 the day she received a right to sue letter, her ADA cause of action is neither time-barred nor partially time-barred. Plaintiff's Title VII claims are timely only as to the alleged violations in her complaint occurring on or after October 22nd 2014 as Plaintiff filed her EEOC Charge on August 18th 2015 than filed suit on December 15th 2016, less than 90 days from the date she received her right to sue letter.

### ■ Plaintiff Has Stated Race Discrimination Claims Under the NYCHRL, NYSHRL, (and Title VII)

Defendant argues in its motion that Plaintiff's NYCHRL or NYSHRL (and Title VII) race discriminations claims should be dismissed for failure to state a claim upon which relief can be granted. To state a race discrimination claim under the NYCHRL, NYSHRL (and Title VII) upon which relief can be grated a Plaintiff can allege (1) membership in a protected class, (2) it was qualified (3) it was subjected to an adverse employment action and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination based on its membership in the protected class. [See *Capek v. BNY Mellon*,

*N.A., No. 15 Civ. 4155 (LTS)(AJP) (S.D.N.Y. May. 23, 2016)*]. Plaintiff has alleged the elements needed to state a race discrimination claim under NYCHRL, NYSHRL, and Title VII in her CSAC [ See *Dkt # 24*]: Plaintiff's complaint alleges membership in a protected class. (i.e. It states that she is black and African American). Plaintiff's complaint alleges she was qualified. (i.e. It states that she worked in her role, Assistant Director Hospitals, for Defendant in New York City from July 1st 2013 to May 22nd 2015, more than 21 months. It states that the only evaluation Plaintiff received from Defendant during her employment was a promotion review on Oct 31st 2014 and her qualifications met the requirements for her job. It states that Plaintiff's promotion evaluation period was from July 1st 2013 to about October 2014. It states that under HHC operating procedure rules Humphreys was to receive performance evaluations on her six month and than annual anniversaries and if Humphreys did not receive an evaluation during that time period her work performance was to be deemed satisfactory for that time period. Etc.) Plaintiff's complaint alleges she suffered adverse employment actions that occurred under circumstances giving rise to an inference of discrimination based on her membership in the protected class. (i.e. Plaintiff alleged upon information and belief she was treated less favorably and paid differently than a employee outside her racial group Michal, despite the fact that Plaintiff had superior qualifications, the same supervisor, same job title, same department, same functional job description, and was hired around the same time. According to the complaint, during Plaintiff's employment Michal received a 15% salary increase when hired while Plaintiff did not receive a salary increase when hired and Defendant deviated from its standard operating procedures when it hired superiorly qualified Plaintiff upon information and belief. Plaintiff also alleged that during her employment management hid and excluded her from work materials like timesheets yet Michal received her work materials, even though HR ordered management not to do so. ) Finally, Plaintiff's complaint alleges that all perquisites to her suit have been met. (i.e. She said she was an employee and HHC was an employer as the terms are defined in the NYCHRL, NYSHRL, and Title VII. She said she filed her EEOC charge on August 18th 2015, received a right to sue letter on September 19th 2016, and filed this suit on December 15th 2016.) Accordingly, Defendant's motion with respect to Plaintiff's NYSHRL, NYCHRL (and Title VII) race discrimination claims should be denied.

[See DeNigris v. N.Y.C. Health & Hosps. Corp., 861 F.Supp.2d 185 (S.D.N.Y. 2012) *"Plaintiff Deborah DeNigris, an African–American female, began working for Defendant New York City Health and Hospitals Corporation ("HHC") in either June or September of 2002...Plaintiff contends, the $70,000.00 salary she received as an ADN Preceptor actually represented a substantial decrease from her previous earnings......HHC hired another black woman, Marjorie Silcott ("Silcott"), as an ADN Preceptor several months before HHC hired Plaintiff for that position... Silcott too received and accepted from Defendant Frisch a salary offer that represented a substantial decrease from her previous salary......HHC hired a white woman, Jeanmarie Fitch ("Fitch"), as an ADN Preceptor in October 2005. .... Fitch possessed less experience and education than Plaintiff. ....Fitch was hired at a salary which represented an increase from her prior salary and which approached the maximum salary available for the ADN Preceptor position.....Fitch's annual salary was $19,000.00 higher than Plaintiff's salary for the same position....Here, Plaintiff has satisfied her initial, minimal burden of establishing a prima facie case of discriminatory treatment. She is a member of a protected class and has presented evidence that she was treated and paid differently than similarly-situated individuals who were members of other racial groups when hired for the ADN Preceptor position. ... Though Defendants argue that the challenged employment actions were not adverse as a matter of law because Plaintiff's salary was not reduced, the Court is satisfied that a reasonable jury could conclude that the decisions made by Defendants with regard to Plaintiff's salary as compared with her prior salary and those offered to other candidates.....were sufficiently "adverse" to constitute adverse employment actions. Further, Plaintiff has presented evidence supporting an inference of discrimination by showing that new hires who were white received salary increases when hired, while those who were black did not.]*

### ■ Defendant is not exempt from all claims under the New York Labor Law

Defendant argues in its motion that it is exempt from all NYLL claims (including Plaintiff's) because: It believes the definition of employee under the NYLL doesn't include individuals employed "by a federal, state or municipal government or political subdivision thereof" and it perceives itself as a political subdivision under the NYLL. [See *Dkt # 25*]. To support its position Defendant points to definition of employee provided in Section 651 of the Minimum Wage Act, Article 19 of New York Labor Law. Defendant's motion with respect to Plaintiff's NYLL claims should be denied for several reasons. i.e.

---- First, the NYLL is divided into 40 separate articles, Section 651 sets forth definitions that apply specifically and exclusively to Article 19. [See *NYLL § 651*]. The definition of employee in Section 651 of the Minimum Wage Act doesn't include individuals employed "by a federal, state or municipal government or political subdivision thereof" however that definition applies to Article 19 it does not apply all Articles of the NYLL. i.e. Plaintiff's NYLL allegations are covered under a number of different NYLL Articles like Article 7 (NYLL §215 retaliation). Plaintiff meets the definition of employee under NYLL §215. The definition of employee for NYLL§ 215 are found in NYLL § 2 & NYLL §215 and is different from that found in NYLL § 651.

---- Second, political subdivision status does not affect all claims under the NYLL. (i.e. as mentioned above, some of Plaintiff's allegations are covered under NYLL Labor § 215 as Plaintiff's complaint encompasses retaliation for engaging in perceived NYLL protected activity. [See *Dkt # 24* ]. Defendant is not exempt from NYLL § 215 (Defendant meets the definition of employer under NYLL Labor § 215 and Plaintiff meets the definition of employee under NYLL Labor § 215. See *NYLL § 215 & NYLL § 2*) as NYLL § 215 exemption pertains to "employees of the state or any municipal subdivisions or departments thereof", and omits political subdivisions in its written exemptions [ See *Labor Law § 215 [1][c]* ] neither HHC, Plaintiff, nor political subdivisions are subject to exemption under New York Labor Law § 215.)

[See similar case Day v Summit Sec. Servs. Inc. 2016 NY Slip Op 26295, decided on September 15, 2016 Supreme Court, New York County *"HHC also contends that it is a political subdivision of the State of New York, and therefore is exempt from Labor Law § 215. HHC points to the definitions provided in another section of the Labor Law, the Minimum Wage Act, which specifically exempts "federal, state or municipal government or political subdivision thereof" from causes of action against them (Labor Law § 651[5][n]). Plaintiff responds that those definitions do not apply for claims brought under Labor Law § 215. The exemptions under Labor Law § 215 pertain only to "state or any municipal subdivisions or departments thereof"; it makes no mention of political subdivisions. It is a maxim of statutory construction that where a specific exemption is made, the legislature's failure to exempt other entities of a similar nature from operation of the statute is some indication that no further exemption was intended ....Particularly where other provisions of the Labor Law provide for an exemption for political subdivisions, the absence of the exemption in Labor Law § 215[1][c] indicates it was intentionally made...Labor Law § 215 omits political subdivisions in its written exemptions (see Labor Law § 215 [1][c]). As such, HHC-whether it is a political subdivision or not-is not an exempt entity from Labor Law § 215 because the exemption applies to "state or any municipal subdivisions or departments thereof."*]

Respectfully Submitted,

*Chantelle A.E. Humphreys*
Chantelle A.E. Humphreys
Plaintiff, *Pro Se*
45 Westwood Drive;
Stamford, Connecticut 06902
(917) 971-3429 | chumphreyscmu@gmail.com