16 Civ. 9707 (VSB) (SN)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHANTELLE A.E. HUMPHREYS,

                                        Plaintiff,

              -against-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,

                                        Defendant.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO PARTIALLY DISMISS THE CORRECTED SECOND AMENDED COMPLAINT

***ZACHARY W. CARTER***
*Corporation Counsel of the City of New York*
*Attorneys for Defendant*
*100 Church Street, Rm. 2-183*
*New York, New York 10007*

*Of Counsel:  John Corbin Carter*
*Tel:  (212) 356-2078*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ......................................................................................................... 2

ARGUMENT .............................................................................................................................. 4

    POINT I ......................................................................................................................... 4

        PLAINTIFF'S TITLE VII, SHRL, AND CHRL
        CLAIMS ARE BARRED IN PART BY THE
        APPLICABLE STATUTE OF LIMITATIONS........................................ 4

        A.  CHRL and SHRL Claims ................................................................. 4

        B.  Title VII Claims ................................................................................. 5

    POINT II ........................................................................................................................ 5

        THE CSAC FAILS TO STATE ANY PLAUSIBLE
        CLAIMS FOR RACE OR GENDER BASED
        DISCRIMINATION .................................................................................. 5

        A.  Motion to Dismiss Standard .............................................................. 5

        B.  Plaintiff Fails to State a Race Discrimination
            Claim................................................................................................. 7

        C.  Plaintiff Fails to State a Gender Discrimination
            Claim................................................................................................. 9

    POINT III........................................................................................................................ 10

        DEFENDANT IS EXEMPT FROM LIABILITY
        UNDER THE NYLL .............................................................................. 10

CONCLUSION........................................................................................................................... 12

# TABLE OF AUTHORITIES

<u>**Cases**</u>                                                                                             <u>**Pages**</u>

Ali v. N.Y.C. Health & Hosps. Corp.,
    No. 11 Civ. 6393, 2013 U.S. Dist. LEXIS 41886 (S.D.N.Y. Mar. 25, 2013)........................ 11

Ashcroft v. Iqbal,
    556 U.S. 662 (2009) ......................................................................................... *passim*

Bell Atl. Corp v. Twombly,
    550 U.S. 544 (2007) ............................................................................................. 2, 5

Bermudez v. City of New York,
    783 F. Supp. 2d 560 (S.D.N.Y. 2011) ...................................................................... 9

Bikerstaff v. Vassar Coll.,
    196 F.3d 435 (2d Cir. 1998) .................................................................................. 10

Chavis v. Chappius,
    618 F.3d 162 (2d Cir. 2010) .................................................................................... 6

Chung v. City Univ. of N. Y.,
    No. 12 Civ. 4045, 2014 U.S. Dist. LEXIS 124601 (S.D.N.Y. Aug. 27, 2014) ........................ 8

Cromwell v. N.Y.C. Health & Hosps. Corp.,
    983 F. Supp. 2d 269 (S.D.N.Y. 2013) ............................................................... 10-11

Drayton v. MetroPlus Health Plan, Inc.,
    91 F. Supp. 2d 343 (S.D.N.Y. 2011) ...................................................................... 11

Galabya v. N.Y.C. Bd. of Educ.,
    202 F.3d 636 (2d Cir. 2000) .................................................................................... 9

Harris v. Mills,
    572 F.3d 66 (2d Cir. 2009) ...................................................................................... 6

Harris v. N.Y.U. Langone Med. Ctr.,
    No. 12 Civ. 0454, 2013 U.S. Dist. LEXIS 99328 (S.D.N.Y. July 9, 2013) ............................ 6

Hogans v. Dell Magazines,
    372 F. App'x 148 (2d Cir. 2010) ............................................................................. 5

Koehner v. State of New York,
    62 N.Y.2d 442 (1984) ............................................................................................. 4

La Grande v. DeCrescente Distrib. Co.,
    370 F. App'x 206 (2d Cir. 2010) ........................................................................... 10

**Cases**                                                                 **Pages**

Littlejohn v. City of New York,
    795 F.3d 297 (2d Cir. 2015)...........................................................6-7, 9

Lopez v. Guardian Serv. Indus.,
    No. 08 Civ. 8569, 2012 U.S. Dist. LEXIS 18523 (S.D.N.Y. Feb. 10, 2012) ........ 10

Malcolm v. Honeoye Falls Lima Cent. Sch. Dist.,
    483 F. App'x 660 (2d Cir. 2012) ....................................................... 9

McDonnell Douglas Corp. v. Green,
    411 U.S. 792 (1973)........................................................................ 6

Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.,
    715 F.3d 102 (2d Cir. 2013).............................................................. 7

Muhlrad v. Mitchell,
    No. 96 Civ. 3568, 1997 U.S. Dist. LEXIS 4683 (S.D.N.Y. Apr. 14, 1997) .......... 11

Opoku v. Brega,
    No. 15 Civ. 2213, 2016 U.S. Dist. LEXIS 136038 (S.D.N.Y. Sept. 30, 2016) ........ 8

Patane v. Clark,
    508 F.3d 106 (2d Cir. 2007)............................................................. 6

Thompson v. ABVI Goodwill Servs.,
    531 F. App'x 160 (2d Cir. 2013) ....................................................... 6

Van Zant v. KLM Royal Dutch Airlines,
    80 F.3d 708 (2d Cir. 1996)............................................................... 5

**Statutes**

Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ...................................... 1

Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ............................................ 2

Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq. ...................................... 1

Title VII of the Civil Rights Act, as amended, 42 U.S.C. §§ 2000e et seq. ................. passim

N.Y. Labor Law §§ 194, 198 ................................................................ passim

N.Y. State Human Rights Law, N.Y. Exec. Law §§ 290-97 ............................... passim

N.Y.C. Admin. Code § 8-107 et seq. ...................................................... passim

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

CHANTELLE A.E. HUMPHREYS,

                                        Plaintiff,

                                                                16 Civ. 9707 (VSB) (SN)

                    -against-

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,

                                        Defendants.
-------------------------------------------------------------------- x

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO PARTIALLY DISMISS THE CORRECTED SECOND AMENDED COMPLAINT

Defendant New York City Health and Hospitals Corporation ("H+HC") respectfully submits this memorandum of law in support of its motion to partially dismiss the Corrected Second Amended Complaint ("CSAC") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff, a former employee of H+HC, asserts myriad claims in the CSAC, which was filed on July 19, 2017. See ECF No. 24. The CSAC, the operative complaint in this action, is Plaintiff's fourth complaint filed overall. Plaintiff claims interference under the Family and Medical Leave Act of 1993 ("FMLA"). Plaintiff also claims disability accommodation failure under the Americans with Disabilities Act of 1990 ("ADA"); the New York State Human Rights Law ("SHRL"); and the New York City Human Rights Law ("CHRL"). Moreover, Plaintiff claims race discrimination under the SHRL and the CHRL,[1] and gender discrimination under

---

[1] In her CSAC, Plaintiff does not explicitly list Title VII race discrimination as a cause of action. See CSAC ¶¶ 89-167. To the extent that Plaintiff purports to proceed under Title VII, Defendant also moves to dismiss any such claim for race discrimination.

Title VII of the Civil Rights Act of 1964 ("Title VII"), the SHRL, and the CHRL. Furthermore, Plaintiff asserts claims for unequal pay due to her gender under the Equal Pay Act ("EPA") and the New York Labor Law ("NYLL"). Finally, Plaintiff claims retaliation under Title VII; the SHRL; the CHRL; the Fair Labor Standards Act ("FLSA"), the EPA, the NYLL, and a retaliatory hostile work environment under the CHRL. See CSAC ¶¶ 89-167. Many of the causes of action included in Plaintiff's CSAC should be dismissed for several reasons.

First, several of Plaintiff's claims are time-barred by (i) the three-year statute of limitations governing SHRL and CHRL claims; and (ii) Plaintiff's failure to file an EEOC charge within 300 days of any of the alleged race or gender-based discriminatory acts. Second, Plaintiff's race and gender discrimination claims under Title VII, the SHRL, and the CHRL should be dismissed because the CSAC does not set forth "enough facts to state a claim that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although Plaintiff claims that she suffered race and gender-based discrimination, she does not provide any allegations that could factually bolster her conclusions, despite being given an opportunity to amend her complaint three times to include more factual information. Finally, Defendant H+HC is not subject to the NYLL as an exempt political subdivision of New York and cannot be held liable for any NYLL claims. In sum, several of the claims asserted in the CSAC should be dismissed before this action proceeds to discovery.

## STATEMENT OF FACTS[2]

Plaintiff, an African-American female, applied for an Assistant Director of Hospitals position at Gouverneur, an H+HC facility, in March 2013. See CSAC ¶ 1. After an April 2013 interview in which Plaintiff alleges that interviewers asked pregnancy-related

---

[2] This statement of facts is derived from the CSAC and the exhibits annexed thereto in pertinent part. Plaintiff's factual allegations are assumed to be true for the purposes of this motion only.

questions of her, Plaintiff was hired to work for H+HC and began work in July 2013. See id. ¶¶ 2-4. Plaintiff contends that, before starting in July 2013, she accepted a salary that was "lower than the budget for her role" and "[s]ignificantly lower than the salary she made at her last job." Id. ¶ 4. Although Plaintiff does not assert religious discrimination claims here, Plaintiff complained to H+HC Human Resources in August 2014 about alleged disparities in time accommodations being given to Jewish coworkers. See id. ¶¶ 10-14. After reporting the alleged issue to Human Resources, Plaintiff contends that she became the victim of retaliation from her supervisors, Nash Dunlap and Sanford Operowsky, starting in October 2014. See id. ¶¶ 15-21. Plaintiff reports that she was given an unsatisfactory rating on October 30, 2014 that was "false/incorrect/inaccurate," and was further "disciplined" when she was given work projects outside of her job description. See id. ¶¶ 20-25, 31-36. Plaintiff allegedly filed two more internal complaints in November 2014 and December 2014. See id. ¶ 78. Ultimately, Plaintiff's at-will employment with H+HC was terminated on May 2, 2015 due to performance issues, as characterized in her termination notice. See id. ¶¶ 79, 84.

After filing a complaint with the United States Equal Employment Opportunity Commission ("EEOC") on August 18, 2015, Plaintiff claims that she received a Right to Sue Letter on September 19, 2016. See id. at 6. Plaintiff thereafter commenced this action and filed the original complaint in the U.S. District Court for the Southern District of New York on December 15, 2016. See ECF No. 2, at 1. Before serving Defendant with the initial complaint, Plaintiff filed a First Amended Complaint ("FAC") on December 29, 2016. See ECF No. 5. After Defendant requested a pre-motion conference to move to dismiss the FAC, Plaintiff submitted a request to file a Second Amended Complaint ("SAC"). See ECF No. 18. The Court granted

Plaintiff's request, and Plaintiff filed her SAC on July 7, 2017, followed by the CSAC on July 14, 2017. <u>See</u> ECF No. 21 & 24.

Defendant now moves to dismiss several of the claims asserted in the CSAC.

## ARGUMENT

## POINT I

### PLAINTIFF'S TITLE VII, SHRL, AND CHRL CLAIMS ARE BARRED IN PART BY THE APPLICABLE STATUTE OF LIMITATIONS

Plaintiff commenced this action on December 15, 2016. <u>See</u> ECF No. 1 & 2. In line with the statutes' applicable limitations periods, Plaintiff's Title VII, SHRL, and CHRL claims are wholly or partially time-barred.

### A.    CHRL and SHRL Claims

The CHRL states that a "civil action commenced under this section must be commenced within three years after the alleged unlawful discriminatory practice or act of discriminatory harassment." N.Y.C. Admin Code § 8-502(d). SHRL claims are also subject to a three-year statute of limitations. <u>See</u> <u>Koerner v. State of New York</u>, 62 N.Y.2d 442, 447 (1984). Accordingly, any allegations of discrete discriminatory conduct occurring prior to December 15, 2013, three years prior to commencement of this suit, are untimely under the CHRL and SHRL, and must be dismissed as time-barred. <u>See</u> ECF No. 2 (noting the December 15, 2016 filing). Plaintiff's allegations detailing purported discrimination in her hiring and pay setting process, allegedly due to her gender, are thus time-barred, as those allegations stem from incidents in March through July 2013. These gender discrimination allegations and any other SHRL or CHRL allegations that focus on events prior to December 15, 2013 are time-barred and must therefore be dismissed.

**B.      Title VII Claims**

"In New York, a charge must be filed with the EEOC within 300 days of the alleged discrimination." See Hogans v. Dell Magazines, 372 F. App'x 148, 149 (2d Cir. 2010) (citing 42 U.S.C. § 2000e-5(e); 29 U.S.C. § 626(d); Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 712 (2d Cir. 1996)). Plaintiff pleads that she filed her Charge of Discrimination with the EEOC on August 18, 2015. See CSAC at 6, ECF No. 24. Accordingly, to the extent Plaintiff alleges discrete discriminatory acts occurring prior to October 22, 2014, 300 days prior to her filing, her Title VII claims, even if otherwise viable, are time-barred. See 42 U.S.C. § 2000e-5(e)(1). This includes among other things, Plaintiff's gender discrimination claim alleging an "inappropriate inquiry" concerning her future child-rearing plans during her 2013 interview, as well as her claim that she was "excluded/denied work materials" that her male co-worker Victor Duran allegedly received. See CSAC at 11-12, ¶¶ 3, 9 ECF No. 24. As such, to the extent that Plaintiff relies on these or any other alleged acts of gender or race discrimination occurring before October 22, 2014, her Title VII claims are time-barred by the statute's limitations period.

**POINT II**

**THE CSAC FAILS TO STATE ANY
PLAUSIBLE CLAIMS FOR RACE OR
GENDER BASED DISCRIMINATION**

**A.      Motion to Dismiss Standard**

To "survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). Unless a plaintiff's well-pleaded allegations have "nudged her claims across the line from conceivable to plausible, [the plaintiff's] complaint must be dismissed." Twombly, 550 U.S. at 570; see also Iqbal, 556 U.S. at 678 ("Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line

- 5 -

between possibility and plausibility of 'entitlement to relief,'" and must, therefore, be dismissed.") (citations omitted). Moreover, the Court must only accept as true the allegations that contain factual matter, and need not accept as true the allegations that merely state legal conclusions. See Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009). Following Iqbal, courts have granted motions to dismiss where the plaintiff has pled her claim in a conclusory form, without sufficient supporting factual allegations. See, e.g., Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007) (dismissing Title VII claims because plaintiff did not provide any factual support for allegations of discriminatory animus); Thompson v. ABVI Goodwill Servs., 531 F. App'x 160, 162 (2d Cir. 2013) ("[W]e agree with the district court that several of [plaintiff's] factual allegations are conclusory, including [plaintiff's] allegations as to [an individual defendant's] motives in making certain comments.").

When a plaintiff is proceeding *pro se*, the Court must "construe [the] complaint liberally and interpret it to raise the strongest arguments that [it] suggest[s]." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quotations and citation omitted). "Even in a *pro se* case, however . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quotations and citation omitted). Further, where "prior leave to amend was generously extended and the successive pleading remains prolix and unintelligible," dismissal is proper. See Harris v. N.Y.U. Langone Med. Ctr., No. 12 Civ. 0454, 2013 U.S. Dist. LEXIS 99328 (S.D.N.Y. July 9, 2013) (internal quotations omitted).

In the context of an employment discrimination complaint, the "requirement to plead facts is assessed in light of the presumption that arises in the plaintiff's favor under McDonnell Douglas [Corp. v. Green, 411 U.S. 792 (1973)] in the first stage of the litigation." Littlejohn v. City of New York, 795 F.3d 297, 310 (2d Cir. 2015). As such, absent direct

evidence of discrimination, to establish a prima facie case of discrimination and thus survive a motion to dismiss, a the allegations "must be <u>plausibly supported by facts alleged</u> . . . that [1] the plaintiff is a member of a protected class, [2] was qualified, [3] suffered an adverse employment action, and [4] has at least minimal support for the proposition that the employer was motivated by discriminatory intent." <u>Id.</u> at 311 (emphasis added). Although the CHLR covers a broader range of conduct than Title VII, "[t]he plaintiff still bears the burden of showing that the conduct is caused by a discriminatory motive." <u>Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.</u>, 715 F.3d 102, 109-10 (2d Cir. 2013).

**B.      Plaintiff Fails to State a Race Discrimination Claim**

    Plaintiff here has failed to provide sufficient allegations that could plausibly suggest that she was discriminated against due to her race under the SHRL and CHRL, or under Title VII if applicable. Plaintiff identifies as an African American and thus satisfies the first element of her prima facie case. <u>See</u> CSAC ¶ 1. However, Plaintiff cannot meet the other elements necessary to establish a prima facie case of discrimination. First, Plaintiff cannot show that she suffered an adverse action that she has alleged was caused by her race. Plaintiff decries the fact that she did not receive a 1.5 - 8.74% "cost of living/merit" increase that other racially-ambiguous employees of "Group 11" received in March of 2015. <u>See id.</u> at 20, ¶¶ 65-67, ECF No. 24. However, Plaintiff admits that only employees who received a "satisfactory or above" rating on their past performance evaluations were eligible for the increase. <u>See</u> <u>id.</u> Plaintiff recounts that she received an "unsatisfactory" rating on her only performance evaluation during the entire time she was employed at H+HC, yet never alleges facts to connect her unsatisfactory rating to any sort of racial animus, merely stating that the rating given to her was "false/incorrect/inaccurate." <u>See</u> <u>id.</u> at ¶ 24. Thus, as Plaintiff gives a non-discriminatory reason for her inability to receive the merit increase—her inability to get a "satisfactory or above"

rating—there is nothing in Plaintiff's CSAC suggesting that the merit increase was somehow kept from Plaintiff for racially discriminatory reasons. As Plaintiff has not stated any other adverse actions not precluded by the statute of limitations, Plaintiff cannot state a prima facie case for discrimination under any of the cited statutes.

Even assuming that Plaintiff has alleged some sort of adverse employment action, Plaintiff still does not satisfy the second and fourth elements of her prima facie case, that she was qualified to receive the increase in the first place, and that she did not receive the increase due to racial animus on the part of her employer. Nowhere in Plaintiff's CSAC does she make the necessary causal linkage between the adverse actions that she was allegedly subjected to, and unlawful discrimination. See, e.g., Opoku v. Brega, No. 15 Civ. 2213, 2016 U.S. Dist. LEXIS 136038, at *23 (S.D.N.Y. Sept. 30, 2016) (finding that defendants' actions had no "direct racial or national origin component" where plaintiff failed to allege that defendants used "any ethnically degrading language or invidious comments about other employees in plaintiff's classification."). In fact, the only mention of race in Plaintiff's complaint is that she is African American, and that she filed an internal EEO complaint "regarding race/gender/religious discrimination etc." See CSAC ¶¶ 1, 19.

Plaintiff's mere invocation of her protected characteristic in conjunction with her allegations that she was subjected to adverse actions by her employer is not enough for her to satisfy her burden of alleging facts that would tend to establish a prima facie case of discrimination. See Chung v. City Univ. of N.Y., No. 12 Civ. 4045, 2014 U.S. Dist. LEXIS 124601, *4 (S.D.N.Y. Aug. 27, 2014) (The "factual allegations do not sufficiently state a connection between the alleged adverse employment actions and discriminatory racial animus on the part of Defendant's managerial staff to raise Plaintiff's right to relief above a speculative

level."). Indeed, her allegations amount to nothing more than "the recitation of a false syllogism: (1) I am (insert name of a protected class); (2) something bad happened to me at work; (3) therefore, it happened because I am (insert name of protected class)." Bermudez v. City of New York, 783 F. Supp. 2d 560, 581 (S.D.N.Y. 2011) (internal citations omitted). As such, Plaintiff has failed to meet her burden of alleging sufficient facts to establish a prima facie case of racial discrimination, and her claims of race discrimination must be dismissed.

## C.      Plaintiff Fails to State a Gender Discrimination Claim

Like the race discrimination claims outlined above, gender discrimination plaintiffs must plead "that the plaintiff is a member of a protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." Littlejohn, 795 F.3d at 311. "The Iqbal 'plausible support' standard applies to all four elements necessary to make out a prima face case under Title VII." Id. (internal citations omitted). Just as Plaintiff fails to tie her race to any adverse action taken by H+HC, the CSAC also fails to assert any timely adverse actions that relate to Plaintiff's gender under Title VII, the SHRL, or the CHRL.

Plaintiff does not sufficiently allege that any adverse action was taken which was caused by her gender. Plaintiff's claims alleging that she was paid below the salary posted on the job application, that she was asked "pregnancy related questions," and that she was paid less for her starting salary than a male colleague are all time-barred as incidents that occurred prior to December 15, 2013. See CSAC at ¶¶ 1-4. Additionally, Plaintiff's undated claims that she was "denied work materials" that two male colleagues received is not sufficient to state an adverse action. "A plaintiff sustains an adverse employment action if he or she endures a 'materially adverse change' in the terms and conditions of employment." Malcolm v. Honeoye Falls Lima Cent. Sch. Dist., 483 F. App'x 660, 662 (2d Cir. 2012) (citing Galabya v. N.Y.C. Bd. of Educ.,

- 9 -

202 F.3d 636, 640 (2d Cir. 2000)). For an employment action to be materially adverse, it must be "more disruptive than a mere inconvenience or an alteration of job responsibilities." Id. Thus, "[e]veryday workplace grievances, disappointments, and setbacks do not constitute adverse employment actions." La Grande v. DeCrescente Distrib. Co., 370 F. App'x 206, 211 (2d Cir. 2010). Plaintiff attributes all other alleged actions to a purported campaign of retaliation starting in October 2014 and lasting until June 2015, but does not attribute any of these alleged events to discrimination based upon gender. See generally CSAC ¶¶ 10-86.

Insofar as Plaintiff cannot provide any facts which could plausibly give rise to an inference of discrimination against her based upon her gender, she has not properly alleged a prime facie case of discrimination. See Bikerstaff v. Vassar Coll., 196 F.3d 435, 448 (2d Cir. 1998) (noting that courts should "carefully distinguish between evidence that allows for a reasonable inference of discrimination and evidence that gives rise to mere speculation and conjecture" at the prima facie stage). Therefore, Plaintiff's gender discrimination claims under Title VII, the SHRL, and the CHRL must be dismissed. See, e.g., Lopez v. Guardian Serv. Indus., 08 Civ. 8569, 2012 U.S. Dist. LEXIS 18523, at *14-15 (S.D.N.Y. Feb. 10, 2012) ("The result is that [Plaintiff's] claims rely entirely on his own assumptions, which are insufficient to support an inference of discrimination . . . .").

## POINT III

### DEFENDANT IS EXEMPT FROM
### LIABILITY UNDER THE NYLL

Plaintiff contends that Defendant has violated the NYLL by (1) discriminating against her by subjecting her to unequal pay; and (2) retaliating against her for engaging in protected activity as defined by the NYLL. Despite these claims, the NYLL "excludes from its definition of 'employee' those individuals employed 'by a federal, state or municipal

government or political subdivision thereof." See Cromwell v. N.Y.C. Health & Hosps. Corp., 983 F. Supp. 2d 269, 273 (S.D.N.Y. 2013) (citing NYLL § 651(5); N.Y.C.R.R. § 142-2.14(b)); see also Ali v. N.Y.C. Health & Hosps. Corp., No. 11 Civ. 6393, 2013 U.S. Dist. LEXIS 41886 (S.D.N.Y. Mar. 25, 2013) (granting dismissal of NYLL claims against H+HC). This Court has ruled that H+HC is an exempt political subdivision, as "the overwhelming thrust of New York and federal case law establishes that HHC is considered a governmental entity and political subdivision in a wide variety of contexts." Drayton v. MetroPlus Health Plan, Inc., 791 F. Supp. 2d 343, 347 (S.D.N.Y. 2011). For example, H+HC is subject to the New York City Collective Bargaining Law, which only applies to public sector New York City employers, and is subject to New York's Workers Compensation Law, which applies to "political subdivisions." Id. Further, H+HC is exempt from coverage of the National Labor Relations Act since it has been deemed a political subdivision of New York under the Act. Id. (citing Muhlrad v. Mitchell, No. 96 Civ. 3568, 1997 U.S. Dist. LEXIS 4683, at *10 (S.D.N.Y. Apr. 14, 1997).

Accordingly, this Court should dismiss Plaintiff's NYLL claims as H+HC is an exempt political subdivision under the NYLL and cannot be held liable under the statute.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant its partial motion to dismiss the CSAC with prejudice, together with such other and further relief as the Court deems just and proper.

Dated:      New York, New York
            November 8, 2017

ZACHARY W. CARTER
Corporation Counsel of the
    City of New York
*Attorney for Defendant*
100 Church Street, Room 2-183
New York, New York 10007
(212) 356-2078
jocarter@law.nyc.gov

By:         _____/s/_____
            John Corbin Carter
            Assistant Corporation Counsel