RECEIVED

UNITED STATES DISTRICT COURT 17 NOV 29 PM 11: 28
SOUTHERN DISTRICT OF NEW YORK
U.S. DISTRICT COURT
S.D.N.Y.

Chantelle A. E. Humphreys

Write the full name of each plaintiff.

16 ___ CV ___ 09707(VSB) ___

(Include case number if one has been assigned)

-against-

New York City Health and Hospitals Corporation

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

Do you want a jury trial?

☒ Yes   ☐ No

# THIRD AMENDED
# EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12-1-17

I.      PARTIES

A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Chantelle | A. E. | Humphreys |
|---|---|---|
| First Name | Middle Initial | Last Name |

| 45 Westwood Drive | | |
|---|---|---|
| Street Address | | |

| Stamford | Connecticut | 06902 |
|---|---|---|
| County, City | State | Zip Code |

| 917-971-3429 | chumphreyscmu@gmail.com |
|---|---|
| Telephone Number | Email Address (if available) |

B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

| New York City Health and Hospitals Corporation | | |
|---|---|---|
| Name | | |
| 100 Church Street, Room 2-183 (Attn: J. Corbin Carter, NYC Law Department) | | |
| Address where defendant may be served | | |
| New York | New York | 10007 |
| County, City | State | Zip Code |

Defendant 2:

| | | |
|---|---|---|
| Name | | |
| | | |
| Address where defendant may be served | | |
| | | |
| County, City | State | Zip Code |

Defendant 3:

_____

Name

_____

Address where defendant may be served

_____

County, City         State         Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

New York City Health and Hospitals Corporation

Name

227 Madison Street

Address

| New York | New York | 10002 |
|---|---|---|
| County, City | State | Zip Code |

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☒  **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☒  race:         African American

☒  color:        Black

☐  religion:     _____

☒  sex:          Female

☐  national origin:  _____

☐ **42 U.S.C. § 1981,** for intentional employment discrimination on the basis of race

My race is: _____

☐ **Age Discrimination in Employment Act of 1967,** 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973,** 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: See attached exhibit b. _____

☒ **Americans with Disabilities Act of 1990,** 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: See attached exhibit b. _____

☒ **Family and Medical Leave Act of 1993,** 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

***Please Note: Under Plaintiff's Title VII and ADA Claims, Plaintiff is only pursuing Title VII and ADA violations occurring after October 23, 2014.

**B.  Other Claims**

In addition to my federal claims listed above, I assert claims under:

☒ **New York State Human Rights Law,** N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☒ **New York City Human Rights Law,** N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☒ Other (may include other relevant federal, state, city, or county law):

Plaintiff also brings this action pursuant to the Fair Labor Standards Act and the New York Labor Law §215.

## IV.   STATEMENT OF CLAIM

### A.   Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐   did not hire me

☒   terminated my employment

☒   did not promote me

☒   did not accommodate my disability

☒   provided me with terms and conditions of employment different from those of similar employees

☒   retaliated against me

☒   harassed me or created a hostile work environment

☒   other (specify):        FMLA Interference

### B.   Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

See attached exhibit b

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

(As required attached is Plaintiff's EEOC Charge and Notice of Right to Sue in exhibit a.)

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

      ☒ Yes (Please attach a copy of the charge to this complaint.)

             When did you file your charge?  August 18, 2015

      ☐ No

Have you received a Notice of Right to Sue from the ~~EEOC~~?
Department of Justice

      ☒ Yes (Please attach a copy of the Notice of Right to Sue.)

             What is the date on the Notice?  September 12, 2016

             When did you receive the Notice?  September 19, 2016

      ☐ No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

      ☐ direct the defendant to hire me

      ☒ direct the defendant to re-employ me

      ☒ direct the defendant to promote me

      ☐ direct the defendant to reasonably accommodate my religion

      ☐ direct the defendant to reasonably accommodate my disability

      ☒ direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

See attached exhibit b.

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that:
(1) the complaint is not being presented for an improper purpose (such as to harass,
cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are
supported by existing law or by a nonfrivolous argument to change existing law; (3) the
factual contentions have evidentiary support or, if specifically so identified, will likely
have evidentiary support after a reasonable opportunity for further investigation or
discovery; and (4) the complaint otherwise complies with the requirements of Federal
Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I
understand that my failure to keep a current address on file with the Clerk's Office may
result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to
proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| _November 29, 2017_ | | _Chantelle A.E. Humphreys_ |
|---|---|---|
| Dated | | Plaintiff's Signature |
| Chantelle | A. E. | Humphreys |
| First Name | Middle Initial | Last Name |
| 45 Westwood Drive | | |
| Street Address | | |
| Stamford | Connecticut | 06902 |
| County, City | State | Zip Code |
| 917-971-3429 | chumphreyscmu@gmail.com | |
| Telephone Number | Email Address (if available) | |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your
complaint. If you do not consent, please do not attach the form.

Exhibit A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [X] EEOC  [ ] | |

New York State Division Of Human Rights                                    and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Ms. Chantelle Humpreys** | **(917) 971-3429** | **2/2/85** |

| Street Address | City, State and ZIP Code |
|---|---|
| **4036 Wilder Avenue, Bronx, New York 10466** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **NYCHHC (Gouverneur Hospital)** | **500+** | **(212) 238-7050** |

| Street Address | City, State and ZIP Code |
|---|---|
| **227 Madison Street, New York, New York 10002** | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

[X] RACE   [X] COLOR   [X] SEX   [X] RELIGION   [ ] NATIONAL ORIGIN

[X] RETALIATION   [ ] AGE   [X] DISABILITY   [ ] OTHER *(Specify below.)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                    Latest

[X] CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

Complainant is an African American female, 30 years of age who was hired by Gouverneur Hospital, part of the NYC Health and Hospital Corporation (HHC) on July 1, 2013 as Assistant Director of Communications and Development. At her interview she was asked illegal and inappropriate questions, ie 1. "Do you plan on having kids in the future" 2. "When are you planning to get your braces off?" Complainant was offered a salary significantly lower than that was listed in job description. Complainant was interviewed and managed by Caucasian/Jewish Managers. Co-workers and/or Managers who were Jewish were automatically given all Fridays off. A violation of HHC Religious Accommodation Policy. When she complained to her Managers about this violation of policy and favoritism for Jewish employees, she immediately was excluded from team work materials. Complainant was then assigned to do the work of co-workers who could not do their assignments on Friday and Saturday because of having these Religious days. Complainant advised her supervisors that she could not do her own work if she had to do assignments of the Jewish co-workers who would not work on Friday or Saturday. Her Supervisors brought Complainant to the attention of Human Recourses (HR) for disciplinary action. HR reprimanded her supervisor for misusing the Religious Accommodation Policy. This meeting with HR took place on August 27, 2014. Complainant who was suffering with a tumor in her uterus then was targeted for further retaliation by her supervisors. Requests for FMLA were denied, sick leave was declined and disciplinary action was taken for declined sick leave. These actions were in violation of HHC procedures. No other co-workers received discipline for  declined sick leave. On October 28, 2014 Complainant told her supervisor that she was filing an EEO Complaint with HR. She was told "Is that a threat, I am going to write you up." The supervisor followed Complainant to HR and then returned to his office. Complainant filed her EEO Complaint. (continued)

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

| Date | Charging Party Signature |
|---|---|

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | |

| New York State Division Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

The very next day Complainant was at work following her EEO complaint submission the Manager served her with a negative performance evaluation opened on October 28, 2014. This same day she was also given a new job description, assigned mandatory weekend shifts, co-workers were assigned as her supervisor, and she was placed on "probation" status for the unsatisfactory rated performance evaluation. On November 6, 2014 Complainant returned back to HR to file a retaliation complaint based on the above actions. HR refuses to accept the complaint on the grounds that they would not deal with a retaliation complaint while there was an EEO complaint pending. On November 17, 2014 Complainant submitted a rebuttal to the performance evaluation. On November 17, 2014 she received written disciplinary notice for declined sick leave. Complainant was then assigned to work in the basement/closet where she was forced to do manual labor. She was injured as a result of this illegal assignment. On December 30, 2014 after filing an injury report and intervention by HHC Counsel, HR finally accepted Complainant's Retaliation Complaint. The matter was also referred to HHC Office of Inspector General who advised Complainant "To get an attorney". In March 2015 as a result of the continued acts of retaliation, Complainant experienced severe stress and sleep issues. Her doctor submitted a note requesting FMLA Leave which was denied. On or about May 14, 2015 Complainant reached out to Director of HHC HR and sent copies of the EEO Complaints. Approximately five days later Complainant was terminated based on "performance" and told she could resign and if she did not resign she would never get a job with the City of New York. On June 8, 2015 she returned to Gouverneur to advise HR that she would not resign and requested a form to file a retaliation complaint. HR refused to give her the complaint form.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| Aug 18, 2015 _Chantelle Humphrys_ | _Chantelle Hump_  PHILIP TAUBMAN Notary Public, State of New York No. 02TA4824061 Qualified in Nassau County Commission Expires August 31, 2014 |
| Date          Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)  8/16/2018 |



U.S. Department of Justice

Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

---

CERTIFIED MAIL
7010 0290 0000 2017 8502

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson , EMP, PHB, Room 4701*
*Washington, DC 20530*

September 12, 2016

Ms. Chantelle Humphreys
843 Outlook Ave.
West Babylon, NY  11704

Re:  EEOC Charge Against New York City Health & Hospital Corp., et al.
    No. 520201503575

Dear Ms. Humphreys:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.  If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney.  If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above.  A request for representation does not relieve you of the obligation to file suit within this 90-day period.

    The investigative file pertaining to your case is located in the EEOC New York District Office, New York, NY.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                        Sincerely,

                                        Vanita Gupta
                                Principal Deputy Assistant Attorney General
                                        Civil Rights Division

                            by  *Karen L. Ferguson*
                                Karen L. Ferguson
                                Supervisory Civil Rights Analyst
                                Employment Litigation Section

cc: New York District Office, EEOC
    New York City Health & Hospital Corp., et al.

# Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————X

CHANTELLE A.E. HUMPHREYS,

          Plaintiff,

- against -

NEW YORK CITY HEALTH AND HOSPITALS

CORPORATION,

          Defendant,

———————————————————————X

16-CV-09707 (VSB)

**THIRD AMENDED COMPLAINT**
**JURY TRIAL DEMANDED**

## NATURE OF CASE

1. Plaintiff ("Humphreys" or "Plaintiff"), brings this lawsuit against Defendant, New York City

   Health and Hospitals Corporation ("HHC" or "Defendant"), alleging violations of

   Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to 2000e-17;

   the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 to 12213;

   the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290 to 297;

   the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601 to 2654;

   the New York Labor Law § 215 ("NYLL");

   and the Fair Labor Standards Act ("FLSA"),  29 U.S.C. §§ 201 to 219;

   the New York City Human Rights Law ("NYCHRL"), N.Y. City Admin. Code §§ 8-101 to

   131.

## JURISDICTION, VENUE, AND PARTIES

2. Jurisdiction is proper in this Court.

3. In this lawsuit, Plaintiff alleges violations of federal statues.

4. Since the time this lawsuit commenced, December 15, 2016, to date complete diversity of

   citizenship has existed between Plaintiff and Defendant and the amount in controversy has

remained above and exceeded the sum and value of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

5.  Since the time this lawsuit commenced, December 15, 2016, to date Plaintiff has been a resident, domicile, and citizen of Connecticut and Defendant has been a citizen of New York as Defendant is incorporated in New York and has its principal place of business in New York.

6.  Venue is proper in this court.

7.  Defendant's principal place of business is in this district and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

8.  At all times relevant to this Complaint, Defendant employed at least 500 people.

9.  At all times relevant in this Complaint, Humphreys was an "employee" of Defendant as that term is defined in Title VII, NYLL, NYSHRL, NYCHRL, FMLA, FLSA, the ADA and Defendant was an "employer" of Humphreys as that term is defined in Title VII, NYLL, NYSHRL, NYCHRL, FMLA, FLSA, the ADA.

10. Throughout Plaintiff's employment with Defendant, Humphreys was an "employee" of Defendant as that term is defined in Title VII, NYLL, NYSHRL, NYCHRL, FMLA, ADA, the FLSA and Defendant was an "employer" of Humphreys as that term is defined in Title VII, NYLL, NYSHRL, NYCHRL, FMLA, ADA, and the FLSA.

11. At the time this lawsuit commenced to date, Plaintiff resides in Stamford, Connecticut. Humphreys was a sole resident of Bronx, New York (New York City) from July 1, 2013 to February 28, 2015.

12. At all times relevant to this Complaint, Plaintiff was African American, Black, Christian, Female and a citizen of the United States.

13. Plaintiff was employed by Defendant from on or about July 1, 2013 to on or about May 22, 2015.

14. Throughout Plaintiff's employment with Defendant, Plaintiff held the position of Assistant Director Hospitals at ("Gouverneur") defendant's healthcare facility at 227 Madison Street New York, New York 10002.  The position was categorized by HHC as a Group 11 (managerial) title. Plaintiff's supervisor was Nash Dunlap ("Dunlap").

15. At all times relevant to this Complaint, Defendant is incorporated in New York and has its principal place of business in New York.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. On August 18, 2015, Plaintiff, through counsel, filed Charge of Discrimination against Defendant with the United States Equal Employment Opportunity Commission ("EEOC") which was dually filed with the New York State Division of Human Rights ("NYSDHR").

17. After more than 180 days from August 18, 2015 had elapsed with no lawsuit, Plaintiff, through counsel, requested from the EEOC a Notice of Right to Sue.

18. The EEOC referred Plaintiff's Charge of Discrimination against Defendant to the United States Department of Justice ("DOJ").

19. The DOJ issued Plaintiff a Notice of Right to Sue letter dated September 12, 2016.

20. On September 19, 2016, Plaintiff received a right-to-sue letter from the DOJ in an envelope postmarked September 15, 2016.

21. On December 15, 2016, within ninety days after receipt of the right-to-sue letter, Plaintiff filed this lawsuit against Defendant.

22. All prerequisites to the filing of this lawsuit have been met.

## **FACTUAL ALLEGATIONS**

23. Between on or about March 2013 and July 2013, Plaintiff applied for an Assistant Director Hospitals role at Gouverneur as her qualifications met the qualifications requirements of the job.

24. After Defendant reviewed Plaintiff's written job qualifications, it invited her for an in-person job interviews and hired Plaintiff for the role.

25. On July 1· 2013, Plaintiff began her first day of work at Gouverneur in its (Group 11) Assistant Director Hospitals role under the direction of supervisor Nash Dunlap ("Dunlap"), Associate Director Hospitals.

26. Defendant deviated from its standard operating procedures when hiring Plaintiff.

Defendant paid Plaintiff a salary that was:

a. Significantly lower than the salary she made at her last job;

b. Lower than the budget for her role and corporate job title, upon information and belief ;

c. Inconsistent with that of some of her coworkers.

(i.e. Upon information and belief, between July 1, 2013 and May 22, 2015, despite plaintiff's superior qualifications Plaintiff's  salary was lower than that of a male employee that had the same the corporate functional job description as plaintiff, same corporate functional  job title as plaintiff, same department as plaintiff, and worked in the same establishment .)

(i.e. On or about December 2013, Defendant hired Michal Ambrose  ("Michal") for a (Group 11) Assistant Director Hospitals role at Gouverneur. Dunlap also served as supervisor to Michal. Michal is white Caucasian, and Jewish. Upon information and belief, when hired by Defendant Michal received about a 15% salary increase from the salary received at last job, a contrast to Humphreys whom had the same functional job description and superior qualifications yet she

received no salary increase from the salary made at her last job when hired by Defendant. When hired by Defendant Plaintiff received a salary that represented a substantial decrease from her previous salary. Upon information and belief,  Michal received a salary that represented an increase from her prior salary when hired. )

27. In Plaintiff's department, coworker(s) in that religious group were given the option to take Fridays off (i.e. Michal & Frieda) (The Fridays off were with pay upon information and belief.)

28. A contrast to HHC's operating procedure (20-26) which says that employees may not use Alternative Work Schedules (AWS) to take off a whole day within a workweek.

29. Plaintiff was not given the option to take all Fridays off nor Fridays off with pay.

30. Once Plaintiff complained to management about favoritism:

Between on or about December 2014 to May 22, 2015, Defendant excluded Plaintiff from and denied Plaintiff work materials her Gouverneur department coworkers Victor Duran ("Victor") & Michal received.

(Upon information and belief, from on or about  July 1, 2013 to on or about May 22, 2015, Victor Duran is a male that had the same corporate functional job description as Humphreys, had same corporate functional job title as Humphreys, was in the same department as Humphreys, and Dunlap served as supervisor to Victor. Upon information and belief, on or about December 2013 to May 22, 2015, Michal Ambrose is white, Caucasian and had the same corporate functional job description as Humphreys, had the same corporate functional job title as Humphreys, was in same department as Humphreys, and Dunlap served as supervisor to Michal.)

31. Between July 1, 2013 and May 22, 2015, Defendant disapproved Plaintiff's request for annual leave and sick leave.

32. Between on or about July 1, 2013 and September 2015, Defendant withheld and failed to pay Plaintiff's wages.

33. Plaintiff was also than assigned to do the work of a co-worker who would not work 9am-5pm Fridays (and Saturdays) because of having the weekly religious days.

34. Between Friday (August 22, 2014) and (August 27, 2014) Plaintiff advised management that she did not have time to do her own work if she also did the assignments of a co-worker who would not work 9am-5pm Fridays (and Saturdays) because of having these weekly religious days.

35. Management brings Plaintiff to the attention of Human Resources (HR).

36. HR instead reprimands management for misusing HHC's religious accommodation policy.

37. This meeting with HR took place on August 27, 2014.

38. Plaintiff is targeted further for reprisal by management:

39. Plaintiff's 48 hour advance request for annual leave was improperly declined by Dunlap upon information and belief and on October 28, 2014 Plaintiff is harassed upon requesting time off for a medical emergency.

40. On October 28, 2014, Plaintiff gave Dunlap notice of her intent to file an EEO complaint.

41. Dunlap tells Humphreys, Is that a threat? I am going to write you up!

42. Dunlap subsequently follows Plaintiff to into the HR office as she heads to HR to file an EEO complaint.

43. On October 28, 2014, Plaintiff submitted an EEO ( "Equal Employment Opportunity " ) complaint to HR. The complaint accused Defendant, Dunlap, and Operowsky of subjecting her to discrimination based on her race, religion, and gender.

44. The EEO complaint Plaintiff submitted to HR on October 28, 2014 regards perceived violations of Title VII, the NYCHRL, and the NYSHRL.

45. On October 30, 2014, the very next day Humphreys was at work after submitting an EEO complaint to HR, Plaintiff was summoned to a meeting. The meeting was with Dunlap and HR representative Rivera, Elizabeth Rivera ("Rivera").  (Between October 28, 2014 and the start of the meeting with Dunlap and Rivera on October 30, 2014, Defendant was aware of Plaintiff's EEO complaint and Plaintiff discussed her EEO complaint with Defendant.)

46. On October 30, 2014, at the meeting with Dunlap and  Rivera, Dunlap gives Humphreys an unsatisfactory rated promotion evaluation. (an evaluation for a promotion with an overall rating listed as unsatisfactory.) The evaluation period alleged on the review is July 1, 2013 to October 29, 2014.

47. Between October 30, 2014 and May 22, 2015, Defendant subjected Plaintiff to unwarranted discipline.

48. Between October 30, 2014 and May 22, 2015, Defendant disciplined Plaintiff due to the unsatisfactory promotion evaluation grade.

49. On October 30, 2014, at the meeting with Rivera and Dunlap, Dunlap informed Plaintiff that she was put on probation status due to the unsatisfactory promotion evaluation grade.

50. The unsatisfactory evaluation grade also made plaintiff ineligible for a non recurring cash award.  Upon information and belief, the unsatisfactory evaluation grade also made Plaintiff

ineligible for a Group 11 salary increase based on past performance evaluation grade that

occurred between February 2015 and March 2015.

51. The evaluation Dunlap gave to Plaintiff on October 30, 2014 included false accusations and

oddities, i.e.  one date on the cover page of the evaluation implies it was opened on October

29, 2014 while another date on the cover page of the evaluation implies it was opened on

October 28, 2014.

52. Defendant's sabotage of the Oct 30, 2014 performance evaluation was further exposed after

Plaintiff filed her Charge of Discrimination with the EEOC and HHC was compelled to

respond. Defendant told the EEOC that Humphreys received one evaluation an "annual"

evaluation on October 30, 2014. Defendant than attached to its position statement response

an altered version of the evaluation given to Plaintiff. The altered version had Humphreys'

signature on its document without her consent and the  section of the performance review

marked:

Type of Evaluation

☒ Promotion ☐ Probation ☐ Annual

☐ Exit       ☐ Other_____

 in the evaluation Defendant gave to Plaintiff was changed in the evaluation Defendant gave

to the EEOC to read as:

Type of Evaluation

☐ Promotion ☐ Probation ☒ Annual

☐ Exit       ☐ Other_____

Defendant altered the promotion evaluation  to an annual evaluation including placing

Plaintiff's signature on its document without plaintiff's consent, and Defendant than sent that

version in to the EEOC disguising some of the irregular treatment Plaintiff received

following the filing of her EEO complaint.

53. Upon information and belief, Defendant made above mentioned modification occured in

Plaintiff's personnel file on or about March 17, 2015.

54. Defendant's unsatisfactory rated annual evaluation for Plaintiff violated HHC Policy and

was prepared in violation of HHC operating procedure.

55. Pursuant to HHC policy, evaluations that have not been signed by the employee shall under

no circumstances be placed in their personnel record file, unless the employee has refused to

sign and a witness to such refusal by the employee has indicated such refusal in writing on

the document.

56. Gouverneur operating procedure also claims that Group 11 managers are to receive

performance evaluations on their six month and then annual anniversaries, and if an

employee is not evaluated within the established timeframe, the employee is deemed to have

performed satisfactorily for that period. By October 2014, Humphreys had been on the job

more than 14 months without receiving a performance review. Under Defendant's

performance evaluation rules, Humphreys work performance was to be deemed satisfactory

within that time period.

57. Between October 30, 2014 and May 22, 2015, Defendant assigned Plaintiff unwarranted job

duties and job duties that fell outside terms and conditions of Plaintiff's employment.

58. On October 30, 2014, at the meeting with Rivera and Dunlap, Dunlap gave Plaintiff a new

job description which included some job duties that fell outside terms and conditions of

Plaintiff's employment. The new job description required Plaintiff to report to coworkers and

attend outreach events from beginning to end including afterhours and weekend events.

59. A contrast to HHC operating procedure which permits breaks during the day like lunch breaks and rest breaks and a contrast to HHC policy which claims that employees report to one supervisor.

60. Between on or about October 30, 2014 and May 22, 2015, Defendant subjected Plaintiff to threats including threats of termination, discipline, and retaliation for unwarranted reasons.

61. On October 30, 2014, at the meeting with Dunlap & Rivera, Dunlap & Rivera informed Plaintiff that she had fifteen minutes to sign the new job description and performance evaluation or its grounds for dismissal.

62. A contrast to HHC operating procedure which granted employees the privilege of more than 15 minutes to sign performance reviews and contracts.

63. Between October 30, 2014 and on or about March 2015, Defendant denied Plaintiff a promotion she was objectively qualified for, eligible for, and Defendant considered her for.

64. Between November 6, 2014 and June 8, 2015, Defendant denied Plaintiff EEO benefits she was eligible for and entitled to.

65. . On, November 6, 2014, Plaintiff returned back to the HR office and submits a retaliation complaint based on some of the above adverse actions. Defendant refused to accept the complaint on the grounds that an EEO complaint can't be accepted while a previous one is pending.

66. On November 6, 2014, Humphreys submits a complaint to Luz Nazario, EEO officer for Gouvernur. The complaint accused Defendant, Dunlap, and Operowsky of subjecting her to discrimination based on her race, religion, and gender and retaliation. In the complaint, Plaintiff additionally complained that she was not considered for a pay raise a less qualified coworker received and plaintiff requested a pay adjustment. Plaintiff also accused Defendant

of unlawful record keeping practices, wage discrmination, and wage discrimination based on sex.

67. The complaint Plaintiff gave to Luz Nazario between November 24, 2014 and December 30, 2014 regards perceived violations of Title VII, NYCHRL, NYSHRL, NYLL, and the FLSA.

68. Between on or about November 5, 2014 and on or about November 17, 2014 Dunlap hid, excluded Plaintiff from, and denied Plaintiff's work materials like her timesheets even though Defendant ordered Dunlap not to do so.

69. On or about November 12, 2014, Dunlap disapproved Plaintiff's request for annual leave.

70. On November 14, 2014, Plaintiff submitted to HR representative Rivera a rebuttal to the performance evaluation. In the rebuttal Plaintiff alleged that the unsatisfactory rated performance evaluation was an illegal retaliatory employment action.

71. On or about November 14, 2014, Dunlap approved Michal's request for sick leave.

72. On November 17, 2014, Plaintiff sends an email to Dunlap, Operowsky, and Rivera regarding her EEO complaint.

73. On November 17, 2014, Plaintiff discuss her EEO complaint with Dunlap.

74. On November 17, 2014, Humphreys returns to HR and submits to HR representative Rivera an amended rebuttal in which she alleged the evaluation was an illegal retaliatory employment action however Rivera refused to accept the amended rebuttal.

75. Upon information and belief, between on or about November 14, 2014 and on or about November 17, 2014, Defendant gave Plaintiff's November 14, 2014 rebuttal to Dunlap.

76. Pursuant to HHC policy, Group 11 employees had the right to rebut their performance evaluations and their rebuttals were to be placed into their personnel file.

77. By November 17, 2014, Rivera instead informed Plaintiff that she gave the November 14th 2014 rebuttal to Dunlap. After Rivera told Plaintiff the November 14th 2014 rebuttal was given to Dunlap, Plaintiff noticed through Defendant's EEOC RFI response that without Plaintiff's consent Defendant imposed Plaintiff's signature on a different rebuttal full of fake disciplinary action dated November 19, 2014 and placed it into its personnel file for Humphreys.

78. Between on or about November 14, 2014 and May 22, 2015, Defendant denied Plaintiff promotion evaluation appeal benefits and privileges she was eligible for and entitled to.

79. On November 24, 2014, Dunlap gives Humphreys a discipline for taking sick leave on November 7, 2014.

80. Pursuant to HHC policy, taking a sick leave is not grounds for discipline.

81. Between November 24, 2014 and December 30, 2014, Humphreys submits a complaint to HR representative Matthew Driscoll. The complaint accused Defendant, Dunlap, and Operowsky of subjecting her to discrimination based on her race, religion, and gender. In the complaint, Plaintiff additionally complained that she was not considered for a pay raise a less qualified coworker received and plaintiff requested a pay adjustment. Plaintiff also accused Defendant of unlawful recordkeeping practices, wage discrimination, and wage discrimination based on sex.

82. The complaint Plaintiff gave to Driscoll between November 24, 2014 and December 30, 2014 regards perceived violations of Title VII, NYCHRL, NYSHRL, NYLL, and the FLSA.

83. On or about December 1, 2014, Dunlap disapproved Plaintiff's request for sick leave.

84. On December 8, 2014,  Humphreys had a  back injury, a lumbosacral strain. The back injury impaired her ability to bend, twist, and lift for several months and Humphreys was ordered to undergo extensive medical treatment as a result of her back injury, including 12 sessions of physical therapy.

85. On or about December 16, 2014, Defendant had notice of Plaintiff's back injury.

86. On or about December 16, 2014, Plaintiff informed Defendant about her back injury.

87. On or about December 16, 2014, Plaintiff gave Defendant doctor notes regarding her back injury.

88. Between on or about December 17, 2014 and May 22, 2015:

   Dunlap than assigned Plaintiff projects that involved excessive walking to far areas from Gouverneur for many days and hours in cold weather (a non-essential job function). As a reasonable accommodation, Plaintiff requested to be relieved of that non-essential job function due to her back. However, Dunlap did not make a good faith effort to discuss the matter with her much less engage in a good faith interactive process with her. Nor did Dunlap offer Plaintiff reasonable accommodation to her disability. Pursuant to HHC policy, a grant of a reasonable accommodation must be in writing explaining the accommodation that will be provided.

89. Between on or about December 17, 2014 and on or about May 22, 2015, Defendant failed to provide Plaintiff with a reasonable accommodation to her disability and Defendant failed to engage in an interactive process in response to her request for a reasonable accommodation.

90. Between on or about December 17, 2014 and May 22, 2015, Defendant failed to accommodate Plaintiff's disability in violation of HHC policy.

91. Between on or about December 17, 2014 and May 22, 2015 , Defendant failed to accommodate Plaintiff's disability in violation of the NYCHRL, the NYSHRL and the ADA.

92. Defendant's EEOC position statement claims that Dunlap had knowledge of Plaintiff's EEO complaints on December 23, 2014.

93. On December 30, 2014, Plaintiff submitted an EEO complaint to HR representative Rivera. The complaint accused Dunlap and Operowsky of retaliation against her for filing an EEO complaint. In the complaint, Plaintiff also alleged that Defendant subjected Plaintiff to breach of employment contract .In the complaint, Plaintiff also complained about denial of a promotion and Plaintiff included copies of doctor notes regarding her back injury.

94. The EEO complaint Plaintiff gave to Rivera on December 30, 2014 regards perceived violations of Title VII, NYCHRL, NYSHRL, NYLL, and the FLSA.

95. On or about January 2015, Plaintiff complained to Defendant about its late and non-payment of her compensation.

96. Upon information and belief between on or about January 2015 and May 22, 2015, Dunlap attends a meeting regarding Plaintiff's EEO complaints.

97. On or about February 2015, the Executive Director of Gouverneur announces a salary increase valued above 1.49% that was based on past performance evaluation grade for Group 11 employees.. According to the announcement Group 11 employees with unsatisfactory performance evaluation ratings prior to February 2, 2015 were not eligible for the salary increase.

98. Upon information and belief, between December 30, 2014 and February 27, 2015 Nazario received Plaintiff's December 30, 2014 EEO complaint.

99. On February 18, 2015, Plaintiff reaches out to Nazario (Gouverneur's EEO officer) regarding the status of her EEO complaints decision.

100.    On February 27, 2015, Nazario:

a. Informed Plaintiff that HHC doesn't deal with performance evaluation, rebuttal, and managerial increase EEO concerns.  (Yet, HHC's EEO operating procedure and EEO complaint form permitted complaints and concerns regarding managerial increases, rebuttals, performance evaluations, and retaliation.)

b. . Sends an email to Driscoll and Rivera which alleged that Plaintiff indicated to her that she will be filing a complaint with the EEOC;

 c. Denied Plaintiff EEO benefits Plaintiff was eligible for an entitled to;

d. Denied Plaintiff promotion appeal benefits she  was eligible for an entitled to;

d. Refused to provide Plaintiff assistance in pay raise and promotion matters;

e Subjects Plaintiff to threats for unwarranted reasons.

101.    Defendant's salary increase which was valued above 1.49% and based on performance evaluation grade for Group 11 employees occurs on or about March 2015. Defendant did not grant Plaintiff the salary increase.

102.    Throughout Plaintiff's employment with Defendant, Defendant was an employer covered under the FMLA.

103.    (Throughout Plaintiff's employment with Defendant, HHC was a public agency that employed at least 50 employees for at least 20 workweeks in the current and preceding calendar year.)

104.    In March 2015, Plaintiff was entitled to FMLA leave and applied for FMLA leave with Defendant.

105.    (After experiencing severe stress and sleep issues Plaintiff visited her doctor whom

wrote a note in February 2015 to HR which requested FMLA leave for Plaintiff. Plaintiff

gave that doctor note to HR representative Rivera in March 2015.)

106.    In March 2015, Plaintiff was eligible for FMLA leave.

107.    (In March 2015:

Plaintiff was employed by Defendant for a period of at least twelve months;

She worked at least 1,250 hours in the 12 months before the expected start of FMLA leave;

She worked at a location where at least 50 employees are employed within 75 miles of that

location.)

108.    And Plaintiff's doctor note which was written in February 2015 and given to Rivera in

March 2015 had sufficient information for Rivera to understand that Plaintiff  needed leave

for FMLA-qualifying reasons.

109.    Yet, Plaintiff never received a designation notice from Rivera, Rivera discouraged

Plaintiff from taking FMLA leave, and Rivera refused to authorize FMLA leave for Plaintiff

after Plaintiff gave Rivera notice of her intent to take FMLA leave in March 2015.

110.    Humphreys FMLA leave was expected to start in March 2015. As a direct result of

Defendant's actions Humphreys never received nor took FMLA leave.

111.    On or about April 14, 2015, Dunlap disapproved Plaintiff's request for annual leave.

112.    On or about May 14, 2015, Humphreys emails complaints to HR Director Howard Kritz

("Kritz"). The complaint accused Defendant, Dunlap, and Operowsky of  subjecting her to

discrimination based on her race, religion, and gender. In the complaints, Plaintiff

complained that she was not considered for a pay raise a less qualified coworker received and

plaintiff requested a pay adjustment, Plaintiff also accused Defendant of unlawful record

keeping practices, wage discrmination, and wage discrimination based on sex, Plaintiff also alleged that Defendant subjected Plaintiff to breach of employment contract,  Plaintiff also complained about denial of a promotion and Plaintiff included copies of doctor notes regarding her back injury.

113.   The complaints Plaintiff sent to Kritz on or about May 14, 2015 regards perceived violations of Title VII, NYCHRL, NYSHRL, NYLL, and the FLSA.

114.   On May 22, 2015:

In a meeting with Driscoll and Dunlap, Driscoll told Plaintiff she was terminated for "performance" and informed Plaintiff that she could resign and if she did not resign she may never get a job with the city of new york.

115.   Defendant deviated from its standard operating procedures when terminating Plaintiff on May 22, 2015. Pursuant to HHC policy, Plaintiff was entitled to a designation notice before being discharged yet Humphreys never received one. Between on or about May 22, 2015 and on or about September 2015, Defendant failed to pay and withheld wages Plaintiff was eligible for and entitled to.

116.   Defendant terminated Plaintiff without proper notice

117.   Defendant terminated Plaintiff when she was neither eligible nor entitled to termination

118.   Defendant did not follow its own termination documents  and operating procedures when terminating Plaintiff.

119.   Defendant's reason for terminating Plaintiff has also shifted over time.

120.   On June 8, 2015, Humphreys returned to HR to advise HR representative Rivera that she would not resign and requested a retaliation complaint form.

121.    On June 8, 2015, HR representative Rivera did not give Plaintiff Defendant's retaliation complaint form.

122.    On August 18, 2015, Plaintiff filed an EEOC (and NYSDHR) Charge of Discrimination against Defendant in which Plaintiff alleged retaliation and discrimination based on race, religion, color, sex, disability. In the EEOC charge, Plaintiff complained about topics such as denial FMLA leave, an unsatisfactory rated performance evaluation, and termination.

123.    On or about September 2015, (in violation of HHC operating procedure) Defendant  paid Plaintiff's wages late.

124.    Defendant  sent Plaintiff her final paycheck on or about September 2015, more than 14 weeks after termination.

125.    On or about December 11, 2015, Defendant sent its position statement to the EEOC regarding Plaintiff's EEOC charge.

In its position statement to the EEOC:

a. Defendant claimed that Plaintiff was not excluded from work materials;

b. Defendant claimed that Plaintiff received one evaluation from Defendant, an annual evaluation that was not an evaluation for a promotion and was given to Plaintiff on October 30, 2014;

c. Defendant claimed that Operowsky reviewed the annual evaluation with Plaintiff on October 30, 2014;

d. Defendant claimed that it granted Michal religious accommodations;

e. The job description Defendant gave to the EEOC for Plaintiff's position is not a copy of job description Plaintiff received nor signed.

126.    Throughout Plaintiff's employment with Defendant, Humphreys never received, signed,

nor submitted to Defendant an annual evaluation.

127.    Throughout Plaintiff's employment with Defendant, the only evaluation Plaintiff received

from Defendant was a promotion evaluation.

128.    Defendant's explanation that it terminated Plaintiff for performance is a pretext for it true

retaliatory motive.

129.    Defendant also treated Victor and Michal more favorably than Humphreys.

Upon information and belief, between July 1, 2013 and May 22, 2015:

a. Defendant granted and not did not deny Victor's and Michal's annual leave, sick leave,

and medical leave request;

b. Defendant granted and not did not deny Michal EEO benefits and privileges;

c. Defendant did not sabotage Michal's and Victor's work materials;

d. Defendant did not give  Michal and Victor  a discipline for taking sick leave;

e. Defendant did not subject Victor and Michal to unwarranted discipline;

f. Defendant did not subject Victor and Michal to threats like threats of discipline, retaliation,

termination;

g. Defendant did not place Victor and Michal's signature on documents like performance

evaluations and rebuttals without their consent;

h. Defendant granted Michal's request for accommodation;

i. Defendant paid, issued, and did not withhold Michal's and Victor's wages;

j. Defendant gave Michal about a 15% salary increase from the  salary she received at her last

job when hired;

l. Defendant did not terminate Michal and Victor when they demonstrated inferior

performance to Humphreys.

## CAUSES OF ACTION

### First Cause of Action: FMLA Interference

130.    Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

131.    At all times relevant to this complaint, Defendant was an employer covered under the FMLA.

132.    At all times relevant to this complaint, Plaintiff was an eligible employee under the FMLA

133.    Plaintiff was employed by Defendant for at least twelve months and had worked at least 1250 hours during the twelve-month period prior to the expected start of FMLA leave in March 2015.

134.    At all times relevant to this complaint, Plaintiff was entitled to leave under the FMLA, Plaintiff had medical condition the involved continuing treatment by a healthcare provider prior to the expected start of FMLA leave in March 2015.

135.    In March 2015, Plaintiff put Defendant on notice that she needed to take FMLA leave.

136.    Between March 2015 and May 2015, in violation of hhc policy, Defendant denied Plaintiff FMLA benefits she was eligible for and entitled to.

137.    By its actions alleged herein, Defendant violated the FMLA when it interfered with Plaintiff's FMLA rights.

138.    As a direct result of the Defendants' actions, Plaintiff suffered injury and monetary damages.

139.    Defendant acted willfully, intentionally, and with reckless disregard to Plaintiff's FMLA rights, entitling Plaintiff to liquidated damages and equitable relief.

## Second Cause of Action: Retaliation in Violation of Title VII

140.    Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

141.    In violation of Title VII, Defendant unlawfully retaliated against Plaintiff for engaging activity protected by Title VII.

142.    Defendant's acts were undertaken with malice and reckless indifference to Plaintiff's rights under Title VII.

143.    As a direct result of Defendant's actions, Plaintiff suffered injury and damages including but not limited to emotional distress and economic damages.

## Third Cause Action: Retaliation in Violation of the NYSHRL

144.    Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

145.    In violation of the NYSHRL, Defendant unlawfully retaliated against Plaintiff for engaging in activity protected by the NYSHRL.

146.    Defendant's acts were undertaken with malice and reckless indifference to Plaintiff's rights under the NYSHRL.

147.    As a direct result of Defendant's actions, Plaintiff suffered injury and damages including but not limited to emotional distress and economic damages.

## Fourth Cause of Action: Retaliation in Violation of the NYCHRL

148.    Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

149.    In violation of the NYCHRL, Defendant unlawfully retaliated against Humphreys for engaging in activity protected by the NYCHRL.

150.    As a direct result of Defendant's actions, Plaintiff suffered injury and damages including but not limited to emotional distress and economic damages.

151.    Defendant's acts were undertaken with malice and reckless indifference to Plaintiff's rights under New York City law, entitling Plaintiff to an award of punitive damages.

## Fifth Cause of Action: Retaliation in Violation of the FLSA

152.    Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

153.    In violation of the FLSA, Defendant unlawfully retaliated against Humphreys for engaging in activity protected by the FLSA.

154.    Defendant acted willfully, intentionally, and with reckless disregard to Plaintiff's FLSA rights, entitling Plaintiff to liquidated damages.

155.    As a direct result of Defendant's actions, Plaintiff suffered injury and damages including but not limited to emotional distress and economic damages.

## Sixth Cause of Action: Retaliation in Violation of the NYLL

156.    Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

157.    In violation of NYLL, Defendant unlawfully retaliated against Plaintiff for engaging activity protected by the NYLL.

158.    Defendant acted willfully, intentionally, and with reckless disregard to Plaintiff's NYLL rights, entitling Plaintiff to liquidated damages.

159.    As a direct result of Defendant's actions, Plaintiff suffered injury and damages including but not limited to emotional distress and economic damages.

## Seventh Cause of Action: Retaliation in Violation of the FMLA

160.    Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

161.    In violation of FMLA, Defendant unlawfully retaliated against Plaintiff for engaging activity protected by the FMLA.

162.    Defendant acted willfully, intentionally, and with reckless disregard to Plaintiff's FMLA rights, entitling Plaintiff to liquidated damages.

163.    As a direct result of the Defendants' actions, Plaintiff suffered injury and damages including but not limited to monetary damages.

### Eighth Cause of Action: Retaliatory Hostile Work Environment in Violation of Title VII

164.    Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

165.    In violation of Title VII, Defendant discriminated against Humphreys in the terms and conditions of her employment on the basis of her protected activity and created a retaliatory hostile work environment.

166.    Defendant's acts were undertaken with malice and reckless indifference to Plaintiff's rights under Title VII.

167.    As a direct result of Defendant's actions, Plaintiff suffered injury and damages including but not limited to emotional distress and economic damages.

### Ninth Cause of Action: Retaliatory Hostile Work Environment in Violation of the NYCHRL

168.    Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

169.    In violation of NYCHRL, Defendant discriminated against Humphreys in the terms and conditions of her employment on the basis of her protected activity and created a retaliatory hostile work environment.

170.    As a direct result of Defendant's actions, Humphreys suffered injury and damages including but not limited to emotional distress and economic damages.

171.    Defendant's acts were undertaken with malice and reckless indifference to Plaintiff's rights under New York City law, entitling Plaintiff to an award of punitive damages.

### Tenth Cause of Action: Failure to Accommodate Disability in Violation of the ADA

172.    Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

173.    In violation of the ADA, Defendant failed to engage in an interactive process in response to Plaintiff's request for a reasonable accommodation.

174.    In violation of the ADA, Defendant failed to provide Plaintiff with a reasonable accommodation to her disability.

175.    Defendant's acts were undertaken with malice and reckless indifference to Plaintiff's rights under the ADA.

176.    As a direct result of Defendant's actions, Plaintiff suffered injury and damages including but not limited to emotional distress and economic damages.

### Eleventh Cause of Action: Failure to Accommodate Disability in Violation of the NYSHRL

177.    Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

178.    In violation of the NYSHRL, Defendant failed to engage in an interactive process in response to Plaintiff's request for a reasonable accommodation.

179.    In violation of the NYSHRL, Defendant failed to provide Plaintiff with a reasonable accommodation to her disability.

180.    Defendant's acts were undertaken with malice and reckless indifference to Plaintiff's rights under the NYSHRL.

181.    As a direct result of Defendant's actions, Plaintiff suffered injury and damages including but not limited to emotional distress and economic damages.

## Twelfth Cause of Action: Failure to Accommodate Disability in Violation of the NYCHRL

182.    Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

183.    In violation of the NYCHRL, Defendant failed to engage in an interactive process in response to Plaintiff's request for a reasonable accommodation.

184.    In violation of the NYCHRL, Defendant failed to provide Plaintiff with a reasonable accommodation to her disability.

185.    As a direct result of Defendant's actions, Plaintiff suffered injury and damages including but not limited to emotional distress and economic damages.

186.    Defendant's acts were undertaken with malice and reckless indifference to Plaintiff's rights under New York City law, entitling Plaintiff to an award of punitive damages.

## Thirteenth Cause of Action: Disparate Treatment Based on Sex in Violation of Title VII

187.    Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

188.   In violation of Title VII, Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex.

189.   Defendant's acts were undertaken with malice and reckless indifference to Plaintiff's rights under Title VII.

190.   As a direct result of Defendant's actions, Plaintiff suffered injury and damages including but not limited to emotional distress and economic damages.

**Fourteenth Cause of Action: Disparate Treatment Based on Sex in Violation of the NYSHRL**

191.   Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

192.   In violation of NYSHRL, Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex.

193.   Defendant acted with malice and in reckless disregard of Plaintiff's rights under the NYSHRL.

194.   As a direct result of Defendant's actions, Plaintiff suffered injury and damages including but not limited to emotional distress and economic damages.

**Fifteenth Cause of Action: Disparate Treatment Based on Sex in Violation of the NYCHRL**

195.   Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

196.   In violation of NYCHRL, Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her sex.

197.    As a direct result of Defendant's actions, Humphreys suffered injury and damages including but not limited to emotional distress and economic damages.

198.    Defendant's acts were undertaken with malice and reckless indifference to Plaintiff's rights under New York City law, entitling Plaintiff to an award of punitive damages.

**Sixteenth Cause of Action: Disparate Treatment Based on Race in Violation of Title VII**

199.    Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

200.    In violation of Title VII, Defendant discriminated against Plaintiff in the terms and conditions of her employment on the basis of her race.

201.    Defendant's acts were undertaken with malice and reckless indifference to Plaintiff's rights under Title VII.

202.    As a direct result of Defendant's actions, Plaintiff suffered injury and damages including but not limited to emotional distress and economic damages.

**Seventeenth Cause of Action: Disparate Treatment Based on Race in Violation of the NYCHRL**

203.    Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

204.    In violation of NYCHRL, Defendant discriminated against Plaintiff in the terms conditions of her employment on the basis of her race.

205.    As a direct result of Defendant's actions, Humphreys suffered injury and damages including but not limited to emotional distress and economic damages.

206.    Defendant's acts were undertaken with malice and reckless indifference to Plaintiff's rights under New York City law, entitling Plaintiff to an award of punitive damages.

**Eighteenth Cause of Action: Disparate Treatment Based on Color in Violation of the NYSHRL**

207.    Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

208.    In violation of NYSHRL, Defendant discriminated against Plaintiff in the terms, conditions and benefits of her employment on the basis of her color.

209.    Defendant's acts were undertaken with malice and reckless indifference to Plaintiff's rights under the NYSHRL.

210.    As a direct result of Defendant's actions, Plaintiff suffered injury and damages including but not limited to emotional distress and economic damages.

**Ninetieth Cause of Action: Disparate Treatment Based on Color in Violation of the NYCHRL**

211.    Plaintiff repeats and realleges each and every allegation contained in this Complaint with the same force and effect as if fully set forth herein.

212.    In violation of NYCHRL, Defendant discriminated against Plaintiff in the terms conditions of her employment on the basis of her color.

213.    As a direct result of Defendant's actions, Humphreys suffered injury and damages including but not limited to emotional distress and economic damages.

214.    Defendant's acts were undertaken with malice and reckless indifference to Plaintiff's

rights under New York City law, entitling Plaintiff to an award of punitive damages.

### PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

a.  enter judgement in favor of Plaintiff against Defendant on the causes of action in this Complaint;

b.  award Plaintiff compensatory damages, including damages for mental anguish, pain and suffering, and humiliation;

c.  award Plaintiff liquidated damages;

d.  award Plaintiff punitive damages;

e.  award Plaintiff back pay;

f.  award Plaintiff any promotions and increases lost by Defendant's conduct;

g.  award Plaintiff front pay and/or reinstatement to an equivalent position;

h.  award Plaintiff pre judgement interest and post judgement interest;

i.  award Plaintiff litigation cost;

j.  award Plaintiff such other relief as this Court deems necessary and proper.

### DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury of all issues to be tried.

Date: _November 29, 2017_

Respectfully submitted,

Chantelle A. E. Humphreys
Plaintiff, *Pro Se*
45 Westwood Drive
Stamford, Connecticut 06902
(917) 971-3429