USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/10/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
           :
CHANTELLE A.E. HUMPHREYS,      :
           :
          Plaintiff,  :
           :    16-CV-9707 (VSB)
     - against -   :
           :    **OPINION & ORDER**
           :
NEW YORK CITY HEALTH AND      :
HOSPITALS CORPORATION,      :
           :
         Defendant.  :
           :
------------------------------------------------------X

Appearances:

Chantelle A.E. Humphreys
Stamford, CT
*Pro se Plaintiff*

John Corbin Carter
New York City Law Department
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

       Plaintiff Chantelle A.E. Humphreys brings this action pro se against her former employer, Defendant New York City Health and Hospitals Corporation ("HHC"), asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290, et seq., the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin Code §§ 8-101, et seq., and the New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 215, et seq., among others. Before me is Defendant's partial motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Defendant's motion is granted in part and

denied in part.

I. **Background**[1]

Plaintiff, an African-American female, began working as the Assistant Director of Hospitals in July 2013 at Gouverneur, a HHC healthcare facility. (TAC ¶¶ 12, 14, 23–25.)[2] Plaintiff asserts that she experienced numerous instances of disparate treatment and retaliation while employed by Defendant. Specifically, Plaintiff contends that her salary at Gouverneur was "lower than the budget for her role," "[i]nconsistent with that of some of her coworkers [including a white] male employee that had the same corporate functional job description as plaintiff," and "[s]ignificantly lower than the salary she made at her last job." (*Id.* ¶ 26.) Plaintiff claims that "Defendant disapproved Plaintiff's request for annual leave and sick leave," and that on certain occasions "Defendant withheld and failed to pay Plaintiff's wages." (*Id.* ¶¶ 31–32.) Moreover, "Defendant subjected Plaintiff to unwarranted discipline," "denied Plaintiff promotion evaluation appeal benefits and privileges she was eligible for and entitled to," and "failed to accommodate Plaintiff's disability." (*Id.* ¶¶ 47, 78, 91.) Defendant did not subject Plaintiff's comparable white male counterparts to this same treatment. (*Id.* ¶ 129.)

On October 28, 2014, Plaintiff submitted an equal employment opportunity complaint to the HHC human resources department accusing Defendant and Plaintiff's supervisors of subjecting Plaintiff to discrimination based on her race, religion, and gender. (*See id.* ¶¶ 39–43.) On October 30, 2014, Plaintiff claims that she was given an unsatisfactory performance review and subsequently put on probation status and assigned "unwarranted job duties and job duties

---

[1] I assume Plaintiff's allegations contained in the Third Amended Complaint, (Doc. 37), to be true for purposes of this motion. *See Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007). However, my reference to these allegations should not be construed as a finding as to their veracity, and I make no such findings.

[2] "TAC" refers to Plaintiff's Third Amended Complaint, filed on December 1, 2017. (Doc. 37.)

2

that fell outside [the] terms and conditions of Plaintiff's employment." (*Id.* ¶¶ 46–50, 57–58.) Plaintiff filed additional internal complaints in November 2014 and December 2014. (*See id.* ¶¶ 65, 93.) On May 22, 2015, Plaintiff was terminated from HHC, purportedly due to performance issues. (*See id.* ¶¶ 114–16.)

Plaintiff filed a complaint with the United States Equal Employment Opportunity Commission ("EEOC") on August 18, 2015. (*Id.* ¶ 16.) The EEOC referred Plaintiff's complaint to the United States Department of Justice ("DOJ"), which issued a right to sue letter on September 12, 2016. (*Id.* at 6, & ¶¶ 18–20.)

## II. Procedural History

On December 15, 2016, Plaintiff filed her initial complaint. (Doc. 2.) On December 29, 2016, Plaintiff filed an amended complaint. (Doc. 5.) On April 25, 2017, Defendant filed a letter requesting a pre-motion conference in anticipation of filing a motion to dismiss the amended complaint. (Doc. 14.) In response, Plaintiff filed a letter seeking leave to file a second amended complaint, (Doc. 16), which I granted, (Doc. 20). On July 7, 2017, Plaintiff filed her second amended complaint. (Doc. 21.) On July 11, 2017, Plaintiff requested permission to file a revised second amended complaint to correct certain typographical errors, (Doc. 22), which I granted, (Doc. 23). Plaintiff filed her corrected second amended complaint on July 14, 2017. (Doc. 24.)

On August 4, 2017, Defendant filed a letter requesting a pre-motion conference in anticipation of filing a motion to dismiss the corrected second amended complaint, (Doc. 25), and Plaintiff filed a letter response on September 1, 2017, (Doc. 27). I held a pre-motion conference on October 10, 2017 and directed Defendant to file its motion to dismiss and Plaintiff to file either a response or a third amended complaint. (*See* Doc. 33.) On November 8, 2017,

3

Defendant filed its motion to dismiss the corrected second amended complaint, (Doc. 35), and in response, Plaintiff filed the Third Amended Complaint on December 1, 2017, (Doc. 37).

On February 9, 2018, Defendant filed its motion to dismiss the Third Amended Complaint and a memorandum of law in support. (Docs. 44, 45.) Plaintiff filed her opposition to the motion to dismiss on April 26, 2018, (Doc. 48), and Defendant filed its reply on May 9, 2018, (Doc. 49).

### III. <u>Legal Standards</u>

#### A. *Rule 12(b)(6)*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Plausibility . . . depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In considering a motion to dismiss, a court must accept as true all well-pleaded facts alleged in the complaint and must draw all reasonable inferences in the plaintiff's favor. *Kassner*, 496 F.3d at 237. A complaint need not make "detailed factual allegations," but it must contain more than mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Finally, although all

4

allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

### B. *Pro Se Litigants*

Even after *Twombly* and *Iqbal*, a "document filed *pro se* is to be liberally construed and . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (internal quotation marks omitted). Further, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." *Kevilly v. New York*, 410 F. App'x 371, 374 (2d Cir. 2010) (summary order) (internal quotation marks omitted). Nevertheless, dismissal of a pro se complaint is appropriate where a plaintiff fails to state a plausible claim supported by more than conclusory factual allegations. *See Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013). In other words, the "duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (internal quotation marks omitted).

## IV. Discussion

Defendant asserts that the Third Amended Complaint should be dismissed because: (1) certain of Plaintiff's Title VII, NYSHRL, and NYCHRL claims are time-barred; (2) Plaintiff's race discrimination claims under Title VII, the NYSHRL, and the NYCHRL fail to state a claim; and (3) Defendant HHC constitutes a political subdivision and thus cannot be held liable for a NYLL claim. I address each of these claims below.

### A. *Statutes of Limitations*

#### 1. NYSHRL and NYCHRL Claims

Claims under the NYSHRL and NYCHRL are generally governed by three-year statutes of limitations. *See* N.Y. C.P.L.R. § 214(2); N.Y.C. Admin. Code § 8-502(d); *Taylor v. City of*

5

*N.Y.*, 207 F. Supp. 3d 293, 302 (S.D.N.Y. 2016). Defendant contends that Plaintiff's NYSHRL and NYCHRL claims should be dismissed to the extent they are based on conduct that occurred prior to December 15, 2013, three years before this action was commenced. (Def.'s Mem. 4.)[3] Specifically, Defendant argues that Plaintiff's allegations detailing purported discrimination in her hiring and pay setting process are time-barred since those allegations stem from incidents occurring between March and July 2013—more than three years prior to the filing of Plaintiff's initial complaint. (*Id.*) Defendant is wrong since this argument fails to take into account law in this circuit concerning tolling. Although the Second Circuit has not squarely addressed the question of whether the filing and pendency of EEOC charges toll the statutes of limitations for NYSHRL and NYCHRL claims, courts in this district routinely conclude that the three-year statutes of limitations for such claims are tolled during the period in which a complaint is pending before the EEOC. *See, e.g.*, *Rogers v. Fashion Inst. of Tech.*, No. 14-cv-6420 (AJN), 2017 WL 1078572, at *9 n.5 (S.D.N.Y. Mar. 21, 2017) (finding that EEOC charge tolled NYSHRL and NYCHRL limitations periods); *Taylor*, 207 F. Supp. 3d at 302 (same); *Esposito v. Deutsche Bank AG*, No. 07 Civ. 6722(RJS), 2008 WL 5233590, at *5–6 (S.D.N.Y. Dec. 16, 2008) (same); *Siddiqi v. N.Y.C. Health & Hosps. Corp.*, 572 F. Supp. 2d 353, 373 (S.D.N.Y. 2008) (same); *Lee v. Overseas Shipholding Grp.*, No. 00 CIV. 9682(DLC), 2001 WL 849747, at *8 (S.D.N.Y. July 30, 2001) (same). I see no reason to deviate from these cases here, and Defendant fails to explain why I should other than pointing to two non-binding, unpersuasive, and inapposite cases.

Therefore, I find that the statutes of limitations on Plaintiff's NYSHRL and NYCHRL

---

[3] "Def.'s Mem." refers to the Memorandum of Law in Support of Defendant's Motion to Partially Dismiss the Third Amended Complaint, filed on February 9, 2018. (Doc. 45.)

claims were tolled from the date of Plaintiff's EEOC filing on August 18, 2015 through September 12, 2016, the date on which the DOJ issued Plaintiff a notice of right to sue letter. Since the earliest discriminatory conduct alleged by Plaintiff occurred in March through July 2013, the three-year statutes of limitations do not bar Plaintiff's NYSHRL and NYCHRL claims.

### 2. Title VII Claims

Plaintiff asserts claims under Title VII for retaliation, hostile work environment, and disparate treatment based on race and sex. Filing an administrative complaint with the EEOC is a statutory prerequisite to maintaining a Title VII action. *See* 42 U.S.C. § 2000e–5(e)(1); *see also Pikulin v. City Univ. of N.Y.*, 176 F.3d 598, 599 (2d Cir. 1999). An employment discrimination claim must be filed with the EEOC within 300 days of the alleged discrimination. *See* 42 U.S.C. § 2000e–5(e)(1); *Pikulin*, 176 F.3d at 599. This statutory requirement effectively acts as a statute of limitations, and Title VII claims are barred by a plaintiff's failure to file a timely charge. *See Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996).

Defendant asserts that certain of Plaintiff's claims are based on conduct that occurred more than 300 days before Plaintiff filed her EEOC complaint and, as such, those claims must be dismissed. (Def.'s Mem. 4–5.) In response, Plaintiff asserts that all of the alleged discriminatory and retaliatory conduct properly falls within the "continuing violation" exception to the 300 day filing period. (Pl.'s Opp. 6.)[4]

"Under the continuing violation exception to the Title VII limitations period, if a Title VII plaintiff files an EEOC charge that is timely as to any incident of discrimination in furtherance of an ongoing policy of discrimination, all claims of acts of discrimination under that

---

[4] "Pl.'s Opp." refers to Plaintiff's Memorandum of Law in Opposition to Defendant's Motion for Partial Dismissal, filed on April 26, 2018. (Doc. 48.)

policy will be timely even if they would be untimely standing alone." *Patterson v. Cty. of Oneida, N.Y.*, 375 F.3d 206, 220 (2d Cir. 2004) (internal quotation marks omitted). However, Title VII "precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory time period," even when they are related to acts alleged in timely filed charges. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 105 (2002). The scope of the continuing violation exception is relatively narrow, and "multiple incidents of discrimination, even similar ones, that are not the result of a discriminatory policy or mechanism do not amount to a continuing violation." *Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 765 (2d Cir. 1998) (internal quotation marks omitted). To take advantage of the continuing violation exception, a plaintiff must clearly assert the continuous violation in both her EEOC filing and her complaint. *See Miller v. Int'l Tel. & Tel. Corp.*, 755 F.2d 20, 26 (2d Cir. 1985).

Plaintiff bases her Title VII claims on various incidents, including failure to promote, retaliation, denial of wages, and various complaints regarding less favorable job assignments and treatment. Courts have made clear that such conduct constitutes discrete acts that do not form the basis for a continuing violation claim. *See Morgan*, 536 U.S. at 114 ("Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'"); *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 907 (2d Cir. 1997) (finding that job transfer and discontinuance of a particular job assignment are not acts of a continuing nature); *Olivier v. Cty. of Rockland*, No. 15-CV-8337 (KMK), 2017 WL 934711, at *5 (S.D.N.Y. Mar. 8, 2017) (concluding that "disciplinary actions against employees . . . are discrete acts that do not constitute a continuing violation"); *Stewart v. City of N.Y.*, No. 11 Civ. 6935(CM), 2012 WL 2849779, at *8 (S.D.N.Y. July 10, 2012) (opining

that failure to provide benefits, including overtime and vacation, constitutes a discrete act that does not trigger the continuing violations exception); *Pietri v. N.Y.S. Office of Court Admin.*, 936 F. Supp. 2d 120, 134 (E.D.N.Y. 2013) ("[The] [p]laintiff alleges that Hispanic officers were routinely denied promotions, subjected to disparate discipline, and denied transfer opportunities. These are all discrete acts of discrimination." (internal quotation marks omitted)). Instead, "[e]ach incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Morgan*, 536 U.S. at 114.

However, acts that support a hostile work environment claim are of a different nature. Because a hostile work environment claim "is composed of a series of separate acts that collectively constitute one 'unlawful employment practice,' . . . it does not matter that some of the component acts fall outside the statutory time period." *Id.* at 117. "Provided that an act contributing to the claim occurs within the filing period, the entire time period of the hostile environment may be considered by a court for the purposes of determining liability." *Id.*

Accordingly, Plaintiff's Title VII claims for actions occurring prior to the 300 days before her charge filing with the EEOC are dismissed except to the extent Plaintiff's allegations support a hostile work environment claim.

### B. *Race-Based Discrimination Claims*

#### 1. **Applicable Law**

Under Title VII, it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "[A]t the pleadings stage of an employment discrimination case, a plaintiff has a minimal burden of alleging facts suggesting an inference of discriminatory

9

motivation." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015) (emphasis and internal quotation marks omitted). To defeat a motion to dismiss a Title VII discrimination case, a plaintiff must plausibly allege that (1) the employer took adverse action against her, and (2) her race, color, religion, sex, or national origin was a substantial or motivating factor in the employment decision. *Id.* As courts in this circuit have long recognized, the "ultimate issue in an employment discrimination case is whether the plaintiff has met her burden of proving that the adverse employment decision was motivated at least in part by an impermissible reason, i.e., a discriminatory reason." *Id.* at 87 (internal quotation marks omitted). A plaintiff can meet that burden through direct evidence of intent to discriminate, or by indirectly showing circumstances giving rise to an inference of discrimination. *Id.* A plaintiff may prove discrimination indirectly by creating a "mosaic" of intentional discrimination by identifying "bits and pieces of evidence" that together give rise to an inference of discrimination. *Id.* (internal quotation marks omitted).

Discrimination claims brought under the NYSHRL are reviewed under the same standard as those brought under Title VII. *See Walsh v. N.Y.C. Hous. Auth.*, 828 F.3d 70, 74–75 (2d Cir. 2016). However, the NYCHRL covers a broader range of conduct than Title VII and the NYSHRL. *See Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 110 (2d Cir. 2013). The NYCHRL has "'uniquely broad and remedial purposes' . . . such that courts should construe [the] NYCHRL 'broadly in favor of discrimination plaintiffs, to the extent that such a construction is reasonably possible.'" *Taylor*, 207 F. Supp. 3d at 304 (quoting *Mihalik*, 715 F.3d at 109).

### 2. Application

Plaintiff has adequately pled a claim for race discrimination. Plaintiff alleges at least one adverse employment action: her termination. *See, e.g.*, *Humphries v. City Univ. of N.Y.*, No. 13 Civ. 2641(PAE), 2013 WL 6196561, at *7 (S.D.N.Y. Nov. 26, 2013) (describing termination as the "quintessential materially adverse employment action").[5] Moreover, Plaintiff's allegations "give plausible support to a minimal inference of discriminatory motivation." *Littlejohn v. City of N.Y.*, 795 F.3d 297, 311 (2d Cir. 2015). "An inference of discrimination can arise from circumstances including, but not limited to, the employer's criticism of the plaintiff's performance in ethnically degrading terms; or its invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge." *Id.* at 312 (internal quotation marks omitted).

With regard to racially discriminatory intent, Plaintiff alleges a number of facts that, taken together, give rise to a plausible inference that such intent motivated her termination. Plaintiff asserts, for instance, that Defendant terminated her despite the demonstrated inferior performance of two white male employees—Michal Ambrose and Victor Duran—who held the same job title, role, and functions as Plaintiff. (TAC ¶¶ 26, 30, 129.) Plaintiff further claims that, unlike Ambrose and Duran, she was: (i) subjected to inferior terms and conditions of employment; (ii) subjected to unwarranted discipline; (iii) given unsatisfactory performance reviews; (iv) denied certain wages and benefits; and (v) denied a salary increase. (*Id.* ¶¶ 31–32, 46, 57, 60, 78, 129.) These allegations are sufficient to survive a motion to dismiss. *See*

---

[5] To the extent Plaintiff alleges that she was subjected to other adverse actions, I need not consider and do not reach a determination with regard to them for the purposes of this motion as I find that Plaintiff's claims survive based on the adverse action of termination. *See, e.g.*, *Ellis v. N.Y.C. Dep't of Educ.*, No. 07-cv-2042 (FB), 2010 WL 2816334, at *7 (E.D.N.Y. July 16, 2010).

*Robinson v. Goulet*, 525 F. App'x 28, 30–31 (2d Cir. 2013) (summary order) (finding that plaintiff stated claim where she "alleged that she was an African–American female, she was yelled and cursed at because she is Black and a female, and that her work hours were reduced and she was prohibited from working overtime, while other male and white employees did not face similar reductions"); *see also Gachette v. Metro N. High Bridge*, 12 Civ. 3838(AJN), 2013 WL 144947, at *5 (S.D.N.Y. Jan. 14, 2013) ("By alleging that Metro North was his employer, that he is black, that black electricians were paid less than white ones and that he was denied overtime opportunities that were instead given to white electricians, Plaintiff has sufficiently alleged . . . disparate treatment claims."); *Sommersett v. City of N.Y.*, No. 09 Civ. 5916(LTS)(KNF), 2011 WL 2565301, at *7 (S.D.N.Y. June 28, 2011) (allegations of adverse employment action and "incidents suggesting discriminatory animus on the part of at least one supervisor" and of "a systematic pattern of concerted ill-treatment of older Probation Department employees intended to encourage their resignation" were sufficient to state a disparate treatment claim based on age).

Liberally construing the allegations in Plaintiff's Third Amended Complaint, and considering the minimal burden required to allege facts that suggest an inference of discriminatory motivation, I conclude that Plaintiff has sufficiently alleged a claim of race-based discrimination. I also find that Plaintiff's allegations are sufficient to state a race-based discrimination claim under the broader prohibitions set forth in the NYCHRL. *See, e.g.*, *Weinstein v. City of N.Y., N.Y.C. Dep't of Sanitation*, No. 16-cv-6034-LTS-RLE, 2017 WL 3891699, at *4 (S.D.N.Y. Sept. 5, 2017). Accordingly, Defendant's motion to dismiss these claims is denied.

## C. *Liability under the NYLL*

Plaintiff contends that Defendant violated the NYLL by retaliating against her for engaging in protected activity as defined by the NYLL. (TAC ¶¶ 156–59.) In response, Defendant asserts that HHC is exempt from liability under the NYLL because § 651(5) exempts from its wage requirements those individuals employed "by a federal, state or municipal government or political subdivision thereof." (Def.'s Mem. 8 (citing N.Y. Lab. Law § 651(5)).) In support of its position, Defendant cites numerous cases establishing that HHC constitutes a "political subdivision" within the meaning of § 651(5), and is thereby exempt from liability under the NYLL. (*Id.* at 8–9 (citing *Cromwell v. N.Y.C. Health & Hosps. Corp.*, 983 F. Supp. 2d 269 (S.D.N.Y. 2013); *Ali v. N.Y.C. Health & Hosps. Corp.*, No. 11 Civ. 6393(PAC), 2013 WL 1195794, at *2 (S.D.N.Y. Mar. 25, 2013); *Drayton v. MetroPlus Health Plan, Inc.*, 791 F. Supp. 2d 343 (S.D.N.Y. 2011)).)

Contrary to Defendant's understanding, Plaintiff's sole NYLL claim is not premised on a cause of action for unpaid wages arising under, inter alia, § 651(5), but for retaliation, in violation of § 215. Section 215 of the NYLL states that "[n]o employer or his or her agent, or the officer or agent of any corporation, partnership, or limited liability company, or any other person, shall . . . retaliate against any employee." N.Y. Lab. Law § 215(1)(a). Section 215 provides an exemption for "employees of the state or any municipal subdivisions or departments thereof," but not for employees of political subdivisions. *Id.* § 215(c). Accordingly, regardless of whether HHC is considered a political subdivision or not, it is not an exempt entity under § 215 because it does not constitute a state or municipal subdivision. *See Day v. Summit Sec. Servs. Inc.*, 53 Misc. 3d 1057, 1064 (N.Y. Sup. Ct. 2016) (concluding that HHC is not an exempt entity pursuant to § 215), *aff'd*, 72 N.Y.S.3d 88 (1st Dep't 2018).

13

Thus, Defendant's motion to dismiss Plaintiff's NYLL claim is denied.

### D. *Dismissal with Prejudice*

Complaints brought pro se typically are dismissed without prejudice. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). "A pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted). However, "leave to amend a complaint may be denied when amendment would be futile." *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006). Here, Plaintiff has, on multiple occasions, already amended her complaint to address the deficiencies identified by Defendant and further amendment to remedy the time-bared Title VII claims would be futile. *See Wang v. Palmisano*, 157 F. Supp. 3d 306, 341 (S.D.N.Y. 2016). Therefore, the claims dismissed herein are done so with prejudice.

### V. **Conclusion**

For the foregoing reasons, Defendant's motion to dismiss, (Doc. 44), is GRANTED with respect to Plaintiff's Title VII claims for retaliation and disparate treatment for actions occurring prior to the 300 days before Plaintiff filed her charge with the EEOC, and DENIED with respect to Defendant's remaining claims.

I certify under 28 U.S.C. § 1915(a)(3) that any appeal from this Opinion & Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when she seeks review of a nonfrivolous issue).

The Clerk's Office is respectfully directed to mail a copy of this Opinion and Order to the pro se Plaintiff and close the open motions at Docket Entries 35 and 44.

SO ORDERED.

Dated: August 10, 2018
      New York, New York

_Vernon Broderick_
Vernon S. Broderick
United States District Judge