UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHANTELLE A.E. HUMPHREYS

Plaintiff,

- against –

NEW YORK CITY HEALTH AND HOSPITAL CORPORATION

Defendant.

Case No. 16-cv-9707 (VSB)

**DECLARATION IN SUPPORT OF MOTION TO WITHDRAW AS ATTORNEY OF RECORD**

Delmas A. Costin, Jr., Esq., hereby declares under penalty of perjury that the following is true and correct, pursuant to 28 U.S.C. § 1746:

1. I am an attorney admitted to practice before this Court, and a member of The Law Office of Delmas A. Costin, Jr., P.C., attorneys for plaintiff, Chantelle A.E. Humphreys ("Humphreys").

2. I make this Affirmation in support of the firm's application to be relieved as counsel for Humphreys in this action pursuant to Local Civil Rule 1.4.

3. The parties have served discovery demands and are currently responding to discovery demands.

4. This firm seeks to be relieved as counsel for Humphreys due to the development of irreconcilable differences. These irreconcilable differences have led to the firm's inability to effectively represent Humphreys.

5. We have advised Humphreys in writing specifically that we are unable to continue representing her and have suggested that Humphreys find new counsel.

6. At present, this action is in the discovery stage. A case management plan and scheduling order was entered on October 19, 2018. A copy of the October 19, 2018. scheduling order is annexed hereto as **Exhibit A**.

7. I would like to inform this court that the firm continues to maintain retaining liens on the case files pursuant to the retainer agreement and statutory attorney charging liens for payment

of the undersigned attorney's fees, costs and expenses to represent the Plaintiff in this action.

8. I continue to reserve all rights to seek full satisfaction of these pending attorneys' liens and collect payment of all amounts due from Plaintiff under the letter of engagement and retainer agreement from any recovery of Plaintiff with regard to the subject matter of this captioned action whether at the conclusion of this action in court or by private settlement or by other means of recovery in accordance with the Plaintiff's letter of engagement and retainer agreement with Plaintiff.

9. We would respectfully request an Order (1) relieving our law firm as counsel to Humphreys and (2) staying the discovery proceedings for 120 days to permit Humphreys time to obtain new counsel.

10. Under the law of this District, an attorney may be granted leave to withdraw where it is "unreasonably difficult for the lawyer to carry out such employment effectively." United States v. Lawrence Aviation Indus., No. 06-CV-4818 (JFB) (ARL), 2011 WL 601415, at *1 (E.D.N.Y. Feb. 11, 2011) (internal quotation marks and alterations omitted). Satisfactory reasons for withdrawal include "a client's lack of cooperation, and the existence of irreconcilable conflict between attorney and client." Naguib v. Pub. Health Solutions, No. 12-CV-2561 (ENV) (LB), 2014 WL 2002824, at *1 (E.D.N.Y. May 15, 2014) (withdrawal motion granted where client refused to communicate and cooperate with counsel); see also Munoz v. City of New York, No. 04-CV-1105 (JGK), 2008 WL 2843804, at *1 (S.D.N.Y. July 15, 2008) (plaintiff's law firm demonstrated satisfactory reasons to withdraw "based on the lack of communication with the plaintiff and the acrimonious relationship that ha[d] developed between the law firm and the plaintiff"); Fischer v. Biman Bangladesh Airlines, No. 96-CV-3120 (SHS) (AJP), 1997 WL 411446, at *1 (S.D.N.Y. July 18, 1997) ("[L]ack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal."); and Tufano v. City of New York, 94 Civ. 8655, 1996 WL 419912 at *1 (S.D.N.Y. July 25, 1996) (withdrawal permitted on showing that "an irreconcilable conflict has developed between [counsel and client] regarding litigation strategy").

11. The granting of this application will not unduly disrupt the prosecution of this case inasmuch as fact discovery is still ongoing. See C.D.S. Inc. v. Zetler, No. 16-CV-3199

(VM) (JLC), 2017 WL 1103004, at *5 (S.D.N.Y. 2017) (motion for leave to withdraw would not disrupt prosecution of the matter where no schedule for any pretrial motion practice or a trial date had been set).

12. Should the Court require further information concerning this firm's determinations regarding representation, leave is respectfully requested to communicate any such information to the Court *ex parte*.

Dated: Bronx, New York
       January 8, 2019

                                     The Law Office of Delmas A. Costin, Jr., P.C.

                                     By: _____/s/_____
                                       Delmas A. Costin, Jr., Esq.
                                       Attorney for Plaintiff
                                       177 E. 161st Street
                                       Bronx, NY 10451
                                       (718) 618-0589 (O)
                                       (347) 510-0099 (F)
                                       dacostin@dacostinlaw.com

To:    J. Corbin Carter, Esq.
         New York City Law Department
         100 Church Street, Rm 2-183
         New York, NY 10007
         (212) 356-2078 (O)