```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/2/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

CHANTELLE A.E. HUMPHREYS,

                            **Plaintiff,**                              **16-CV-09707 (VSB)(SN)**

             -against-                                   **OPINION & ORDER**

NEW YORK CITY HEALTH AND HOSPITALS
CORPORATION,

                            **Defendant.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge.**

       Plaintiff Chantelle A. E. Humphreys moves the Court to find that defendant New York City Health and Hospitals Corporation ("HHC") engaged in spoliation and to impose appropriate sanctions. ECF No. 100. The motion is denied.

PROCEDURAL BACKGROUND

       Plaintiff sued HHC, her former employer, in December 2016, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*., the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*., the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq*., and the New York City Human Rights Law, N.Y. City Admin Code § 8-101 *et seq*., among others. ECF No. 2, Complaint at 1. Plaintiff later amended her complaint, pleading additional claims under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq*., the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., and the New York Labor Law § 215. ECF No. 37, Third Amended Complaint at 3–4. The Court granted in part and denied in part defendant's motion to dismiss, and the case proceeded to discovery. See ECF No. 50.

Plaintiff served her first request for documents on Defendant on November 8, 2018. More than nine months later, defendant produced its first tranche of responsive documents (Bates stamped Def 0001–1481). This production contained plaintiff's personnel file, documents related to plaintiff's Equal Employment Opportunity Commission (EEOC) charge, plaintiff's Equal Employment Opportunity (EEO) complaints, and HHC's organizational policies for time and leave, performance evaluations, and EEO. ECF No. 108, Declaration of Mark R. Ferguson ("Ferguson Decl.") at ¶ 3. Defendant followed up a month later with copies of its Electronically Stored Information ("ESI") production (Bates stamped HHC_Email 0001–2671), and a privilege log. ECF No. 108, Ex. 2; Ferguson Decl. at ¶ 4. On September 30, 2019, defendant served responses and objections to plaintiff's document requests and interrogatories. ECF No. 108, Ex. 3; Ferguson Decl. at ¶ 5.

Almost one year later, during depositions, plaintiff's counsel informed defense counsel that certain relevant documents had not been produced in discovery. Ferguson Decl. at ¶ 7. Plaintiff's counsel subsequently wrote defense counsel detailing concerns regarding the propriety of defendant's objections and served additional discovery. ECF No. 108, Ex. 6, Ex. 7. Defendant provided further written discovery in response to her second discovery request on September 30, 2020, and October 2, 2020. Ferguson Decl. at ¶ 12. On September 25, 2020, Plaintiff's counsel identified 13 types of documents that, she claimed, had not been included in defendant's disclosure, including a doctor's note submitted by plaintiff to defendant in support of her application for FMLA leave, a signed "promotion" evaluation, plaintiff's signed performance evaluation rebuttal, plaintiff's signed job description, timesheets and other timekeeping documents for plaintiff and her coworkers, and a document described as "The Gouverneur Hospital Employee Handbook." ECF No. 108, Ex. 9. In a joint letter to the Court the same day,

defendant wrote that it had "provided all appropriate discovery and plaintiff's claim of alleged deficiencies are untimely." ECF No. 108, Ex. 10 at 1. At a subsequent Court conference, defense counsel explained that the parties disagreed as to the existence of certain documents, and production of other documents was delayed by COVID-19. ECF No. 108, Exhibit 11 at 5. Defense counsel then contacted HHC about obtaining further documents but was told that no HHC staff were at the storage facility and so locating the documents would take time. ECF No. 108, Ex. 12 at 1.

After further unsuccessful attempts to resolve the outstanding discovery disputes, on November 13, 2020, plaintiff's counsel provided defense counsel with a chart listing 33 categories of documents that were outstanding. ECF No. 108, Ex. 14. Plaintiff informed the Court of her intention to file a spoliation motion; defendant responded "that such a motion is unnecessary as these documents have already been produced, and Plaintiff seeks discovery that is duplicative and cumulative to documents already in Plaintiff's possession." ECF No. 108, Ex. 15 at 2.

On January 21, 2021, plaintiff was granted leave to file a sanctions motion for spoliation. ECF Nos. 96 & 97. Plaintiff seeks: (1) default judgment against HHC; (2) an adverse inference jury instruction at trial; (3) an order prohibiting HHC from presenting arguments or evidence regarding lost evidence and reasons for lost evidence at trial; (4) attorney's fees and costs associated with the motion; and (5) such further relief that it deems appropriate. ECF No. 101, Plaintiff's Memorandum of Law ("Pl. Br.") at 8. In a footnote in her reply brief, plaintiff clarifies that her motion is brought pursuant to Rule 37(e) (for ESI preservation failures) and the Court's inherent power.[1] ECF No. 113, Plaintiff's Reply ("Pl. R. Br.") at 1 n.2

---

[1] Although plaintiff seeks case dispositive relief, such relief is plainly unwarranted. See Harkabi v. SanDisk Corp., 275 F.R.D. 414, 420 (S.D.N.Y. 2010) ("Terminating sanctions are a 'drastic remedy' that

Plaintiff claims that defendant failed to produce, lost, or destroyed 33 documents or categories of documents. Defendant counters that 22 of these were previously produced in full or in part, and that it subsequently supplemented its production with additional documents. ECF No. 107, Memorandum of Law in Opposition ("Def. Br.") at 5. Defendant asserts that only five documents remain in dispute. Id.

## DISCUSSION

**I.     Legal Standard**

A party seeking sanctions for spoliation of evidence "must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." Chin v. Port Auth. of N.Y. & N.J., 685 F.3d 135, 162 (2d Cir. 2012); see also Passlogix, Inc. v. 2FA Tech., LLC, 708 F. Supp. 2d 378, 409 (S.D.N.Y. 2010). The party seeking sanctions bears the burden of establishing the elements of a spoliation claim. La Belle v. Barclay's Cap. Inc., No. 19-cv-3800 (JPO)(GWG), 2022 WL 121065, at *5 (S.D.N.Y. Jan. 13, 2022).

"Courts have found that actual destruction or loss of relevant documents is a prerequisite for sanctions based on spoliation." Steuben Foods, Inc. v. Country Gourmet Foods, LLC, No. 08-cv-561S(F), 2011 WL 1549450, at *3 (W.D.N.Y. Apr. 21, 2011); see also Orbit One Commc'n, Inc. v. Numerex Corp., 271 F.R.D. 429, 441 (S.D.N.Y. 2010); La Belle, 2022 WL 121065, at *7

---

'should be imposed only in extreme circumstances, usually after the consideration of alternative, less drastic sanctions.'") (quoting John B. Hull, Inc. v. Waterbury Petroleum Prods., Inc., 845 F.2d 1172, 1176 (2d Cir. 1988)). The Court, therefore, issues this Opinion & Order on the discovery disputes notwithstanding Judge Broderick's referral of a "dispositive" motion. See ECF No. 124. To the extent a party files a Rule 72 objection, Judge Broderick may conclude that the motion should have been deemed dispositive and may evaluate this opinion under Rule 72(b).

(denying motion for sanctions where plaintiff failed to meet burden of demonstrating that documents were not produced because they were destroyed).

Relatedly, a litigant must preserve evidence "it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery or admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request." Passlogix, Inc., 708 F. Supp. 2d at 409 (quotation omitted). This duty to preserve arises "when a party reasonably anticipates litigation," Orbit One Commc'n, Inc., 271 F.R.D. at 436 (quotation omitted), or "at least by the time the complaint [is] served." Turner v. Hudson Transit Lines, 142 F.R.D. 68, 73 (S.D.N.Y. 1991).

"Even where the preservation obligation has been breached, sanctions will only be warranted if the party responsible for the loss had a sufficiently culpable state of mind." In re WRT Energy Sec. Litig., 246 F.R.D. 185, 195 (S.D.N.Y. 2007). Evidence of negligence, gross negligence, or recklessness is sufficient to establish the requisite state of mind. Passlogix, Inc., 708 F. Supp. 2d at 410–11.

The Court of Appeals has held that "relevance" in the context of a spoliation motion "means something more than sufficiently probative to satisfy Rule 401 of the Federal Rules of Evidence." Residential Funding Corp. v. DeGeorge Fin. Corp., 306 F.3d 99, 108–09 (2d Cir. 2002). "A discarded document is relevant where a reasonable trier of fact could find that the document either would harm the spoliator's case or support the innocent party's case." Passlogix, Inc., 708 F. Supp. 2d at 411; see also Port Auth. Police Asian Jade Soc'y of N.Y. & N.Y. Inc. v. Port Auth. of N.Y. & N.J., 601 F. Supp. 2d 566, 570 (S.D.N.Y. 2009) ("'[R]elevant' means that the evidence must be of the sort that a reasonable jury could find harmful to the spoliator's case."). Relevance "may be established either through proof of a sufficiently capable state of

mind or by extrinsic evidence." In re WRT Energy Sec. Litig., 246 F.R.D. at 198. Evidence of bad faith or gross negligence in the destruction of evidence is sufficient to support an inference that the missing evidence would have been favorable to the innocent party. Residential Funding, 306 F.3d at 109. However, if "the spoliating party [is] merely negligent, the innocent party must prove both relevance and prejudice in order to justify the imposition of a severe sanction." Passlogix, Inc., 708 F. Supp. 2d at 412.

"If these elements are established, a district court may, at its discretion, grant an adverse inference jury instruction insofar as such a sanction would 'serve [] [the] threefold purpose of (1) deterring parties from destroying evidence; (2) placing the risk of an erroneous evaluation of the content of the destroyed evidence on the party responsible for its destruction; and (3) restoring the party harmed by the loss of evidence helpful to its case to where the party would have been in the absence of spoliation.'" Chin, 685 F.3d at 162 (quoting Byrnie v. Town of Cromwell, 243 F.3d 93, 107 (2d Cir. 2001)). "The authority to sanction litigants for spoliation arises jointly under the Federal Rules of Civil Procedure and the court's own inherent powers" Zubulake v. UBS Warburg LLC, 220 F.R.D. 212, 216 (S.D.N.Y. Oct. 22, 2003) (citing Fed. R. Civ. P. 37). As such, the determination of the appropriate sanction "is confined to the sound discretion of the trial judge, and is assessed on a case-by-case basis." In re Pfizer Inc. Sec. Litig., 288 F.R.D. 297, 313 (S.D.N.Y. 2013) (internal quotation omitted).

## II. Scope of the Motion

"[F]or sanctions to be appropriate, it is a necessary, but insufficient, condition that the sought-after evidence *actually existed and was destroyed*." Farella v. City of New York, Nos. 05-cv-5711 (NRB) & 05-cv-8264 (NRB), 2007 WL 193867, at *2 (S.D.N.Y. Jan. 25, 2007). A review of the parties' briefs and supporting documentation reveals that most of the documents

6

sought by plaintiff were, in fact, produced in defendant's initial production on August 20, 2019. This list includes plaintiff's annual evaluation, her evaluation rebuttal, her job description, the job descriptions for her coworkers, her job posting, a November 2014 memorandum to plaintiff from her supervisor at HHC, her termination letter, resume, personnel file, HHC's Benefits Manual, HR Policy Number 18, HHC's FMLA and EEOC policies, documents defendant cited in support of their defense of plaintiff's EEOC charge, and the internal EEO complaints plaintiff filed with Human Resources. Ferguson Decl. at ¶¶ 3, 28, 30; see also ECF No. 114, Ex. 8 at 1–2 (plaintiff's job description), Ex. 10 (November 2014 memorandum), Ex. 11 at 2–3 (plaintiff's annotated resume), Ex. 12 (document titled "Operating Procedure No. 20-18: Corporation Policy with Respect to Requests for Religious Accommodation"); ECF No. 115, Ex. 9 at 4–15 (annual evaluation), Exhibit 9 at 16–19 (evaluation rebuttal), Ex. 10 at 2–14 (coworkers' job descriptions), Ex. 10 at 17 (plaintiff's job posting), Ex. 11 at 1 (termination letter), Ex. 19 at 70–75 (FMLA policies). Plaintiff quibbles with defendant's assertion that the documents were produced, pointing to discrepancies in dates, missing signatures, and differences between the titles of policies to obscure the fact that defendant timely produced many of the documents sought. She does not, however, explain why these minor differences render the documents unresponsive to her discovery requests. Ceglia v. Zuckerberg, No. 10-cv-00569A (F), 2012 WL 12995636, at *10 (W.D.N.Y. June 28, 2012) (rejecting plaintiff's motion for discovery because he had "not explained how the emails he maintains must have existed, yet been deleted by Defendants, would establish the authenticity of the Contract"). Because these documents were produced, plaintiff has not met her burden of establishing that this evidence was destroyed. See Leidig v. Buzzfeed, Inc, No. 15-cv-542 (VM)(GWG), 2017 WL 6512353, at *7 (S.D.N.Y. Dec. 19, 2017) (concluding that spoliation sanctions were not appropriate because defendant did not

7

produce evidence that documents were lost, but rather took issue with the quality of screenshots and the failure to produce hard copies of certain documents).

A second set of documents was produced by defendant in its supplemental production following plaintiff's spoliation motion. These documents include plaintiff's injury report, her paystubs, resumes and personnel files for her coworkers, HHC's FMLA application form, and HHC Policies 20-31, 120-19, 20-25, 20-16, 20-19. Ferguson Decl. at ¶¶ 24, 28. Relevant to plaintiff's burden, some of these documents, including the injury report and the personnel files, were not in plaintiff's initial discovery demands but were requested by plaintiff's counsel only on September 25, 2020, just a few days before the close of discovery and during the COVID-19 pandemic. See ECF No. 108, Ex. 4, Ex. 9. Delay in production is not grounds for spoliation sanctions. See In re Pfizer Inc. Sec. Litig., 288 F.R.D. at 325 ("The ultimate production of these documents militates against the imposition of sanctions."); see also Steuben Foods, Inc., 2011 WL 1549450, at * 4 (rejecting spoliation sanctions where email was not destroyed, but rather was initially overlooked and produced at a later date); Phoenix Four, Inc. v. Strategic Res. Corp., No. 05-cv-4837 (HB), 2006 WL 1409413, at *7 (S.D.N.Y. May 23, 2006) (finding that adverse inference instruction was not warranted where defendants came forward with evidence after the close of discovery).

Additionally, plaintiff has not established that the physical timesheets and SR 70s she seeks were lost or destroyed. Indeed, defense counsel states that these records are stored in a Citistorage facility where they are filed by month. Ferguson Decl. at ¶¶ 75–76. Defendant objects to their production on the grounds that the burden or expense of the proposed discovery far outweighs its likely benefit because much of the information plaintiff seeks can be culled from the electronic timesheets previously produced by defendant. Defendant also points out that

plaintiff had the opportunity to depose multiple HHC employees about the SR 70s and the retention policy related to SR 70s but failed to do so. Id. at 80. In the absence of evidence that the timesheets and SR 70s were lost or destroyed, spoliation sanctions are not appropriate. Khaldei v. Kaspiev, 961 F. Supp. 2d 564, 570 (S.D.N.Y. 2013) ("[B]ecause plaintiff's argument that there has been any actual loss of evidence relevant to the claims or defenses in this case amounts to pure speculation, it is insufficient to sustain a motion for spoliation sanctions."); see also Leidig, 2017 WL 6512353, at *7.

Ultimately, defendant was unable to locate only a small subset of the 33 categories of documents plaintiff contests. These documents include the corporate job descriptions for plaintiff and her coworkers, plaintiff's doctor's note submitted in support of her application for FMLA leave, the "promotion evaluation" and "promotion evaluation rebuttal," plaintiff's email application for employment and subsequent emails inquiring about the position, HHC's "Employee Handbook," defendant's FMLA policies, and a letter allegedly sent to plaintiff regarding withholding of pay. Only these documents are properly the subject of a motion for spoliation.

### III. Evidence Supporting Spoliation Sanctions

To establish that she is entitled to spoliation sanctions, plaintiff must establish first that HHC had a duty to preserve the documents in question. As plaintiff argues, this obligation arose, at the latest, on August 18, 2015, when she filed her EEOC charge. Pl. Br. at 3; see also Zubulake, 220 F.R.D. at 216.

As for the second element, plaintiff cannot establish that defendant acted intentionally to destroy evidence or that its failure to retain the records was grossly negligent. The Court of Appeals has held that the failure to adopt good preservation practices is indicative of gross

negligence, but plaintiff has not produced any evidence that this is true of defendant. See Chin, 685 F.3d at 162. It is also debatable whether plaintiff has established that defendant acted negligently in failing to retain the relevant documents. Defendant argues it met "its obligation to participate meaningfully and fairly in the discovery phase of a judicial proceeding," Harkabi v. SanDisk Corp., 275 F.R.D. 414, 418–19 (S.D.N.Y. 2010), and that it had no reason believe that the doctor's note, "promotion evaluation," the physical timesheets and SR 70s, the "Employee Handbook," and the insurance refund letter were likely to be requested in discovery until plaintiff asked for the specific documents either just before or after the close of discovery. Def. Br. at 15–16.

Even if plaintiff could establish that defendant was negligent in failing to retain the documents, she cannot prove that the documents are relevant, or that she was prejudiced by defendant's failure to produce them. Even though plaintiff possessed copies or photographs of many of the contested documents, she does not "present extrinsic evidence tending to show that [the documents] would have been favorable to [her] case." Richard Green (Fine Paintings) v. McClendon, 262 F.R.D. 284, 291 (S.D.N.Y. 2009) (quotation omitted) (rejecting motion for spoliation sanctions where there was no evidence that any of the lost or destroyed documents would have been unfavorable to defendant); see also Passlogix, Inc., 708 F. Supp. 2d at 414 (same). Indeed, the copies of the contested documents produced by defendant in discovery do not support her claims that the originals "would have constituted evidence favorable to plaintiff." Centrifugal Force, Inc. v. Softnet Commc'n, 783 F. Supp. 2d 736, 744 (S.D.N.Y. 2011). For example, apart from the box checked on the first page, the copy of the alleged "promotion evaluation" is identical to the "annual evaluation" produced in full by defendant: both conclude that plaintiff's job performance was unsatisfactory. See ECF No. 115, Ex. 3, Ex. 9 at 4–15.

Instead, she repeatedly asserts, without support, that the documents are necessary to prove the elements of her claims. To the extent that plaintiff believes that there may be discriminatory remarks handwritten on the original documents, she cannot establish her right to sanctions by claiming that "defendants' conduct deprived [her] of a pond in which [she] would like to have gone on a fishing expedition." New York State Nat. Org. for Women v. Cuomo, No. 93-cv-7146 (RLC)(JCF), 1998 WL 395320, at *3 (S.D.N.Y. July 14, 1998).

Furthermore, plaintiff does not make a showing of prejudice. Plaintiff herself produced a photograph of her doctor's note, the job application emails, the Employee Handbook, defendant's FMLA policies, and the insurance reimbursement letter, which she characterizes as a letter regarding the improper withholding of her pay. See ECF No. 115, Ex. 8 at 3–4 (job application emails), Ex. 14 (Employee Handbook), Ex. 16 (photograph of doctor's note), Ex. 19 (FMLA policies); Ferguson Decl. at ¶ 95 (insurance reimbursement letter). Thus, she already possesses most of the documents she seeks from defendant. See Steuben Foods, Inc., 2011 WL 1549450, at *6 (rejecting motion for sanctions where copies of deleted emails were obtained from other sources). Moreover, plaintiff deposed multiple HHC employees during discovery, and so had the opportunity to ask additional questions regarding the missing documents, including the corporate job descriptions, the FMLA doctor's note, and the "performance evaluation." New York State Nat. Org. for Women, 1998 WL 395320, at *3 (finding no prejudice where plaintiffs had "a full opportunity" to depose defendants and could have deposed other former state officials to track down the missing documents but chose not to).

Plaintiff has failed to meet her burden of establishing the elements of her spoliation claim. Her request for an adverse inference instruction and an order prohibiting HHC from

11

presenting arguments or evidence regarding lost evidence and reasons for lost evidence at trial is DENIED.

## IV.  Attorney's Fees and Costs

Plaintiff argues that she is entitled to attorney's fees and costs for the documents provided by defendant in its supplemental production to plaintiff after she filed her motion for spoliation. Although Federal Rule of Civil Procedure 37 states that "if the disclosure or requested discovery is provided after the motion was filed . . . the court must . . . require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," it also provides three exceptions: where "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; "the opposing party's nondisclosure, response, or objection was substantially justified"; or "other circumstances make an award of expenses unjust." Fed. R. Civ. Pro. 37(a)(5)(A).

Here, defendant provided most of the documents requested by plaintiff in August and September 2019. Plaintiff did not inform defendant that she believed the productions were incomplete until August 2020, a year after the initial production. Plaintiff only provided a comprehensive list of the documents allegedly omitted by defendant on November 13, 2020, after the close of discovery and the same day that a status letter was due to the Court. See ECF No. 108, Ex. 14. The failure to timely communicate with defense counsel regarding the deficiencies in defendant's production suggests that plaintiff did not, in good faith, attempt to obtain the discovery without court action. Furthermore, defense counsel promptly contacted HHC to seek additional records after plaintiff's counsel requested specific documents, but the production was further delayed by the logistical challenges associated with the COVID-19

pandemic. ECF No. 108, Ex. 11, Ex. 12. As such, plaintiff is not entitled to an award of attorney's fees and costs.

## CONCLUSION

Plaintiff's motion for spoliation sanctions, including default judgment, an adverse inference instruction, and an order prohibiting HHC from presenting arguments or evidence regarding lost evidence at trial, is DENIED. Plaintiff's request for attorney's fees and costs is DENIED. The Clerk of Court is respectfully requested to terminate the motion at ECF No. 100.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   March 2, 2022
         New York, New York