UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                    :

CHANTELLE A.E. HUMPHREYS,       :
                                    :

                   Plaintiff,   :                   16-CV-9707 (VSB)
                                    :

       - against -          :        **OPINION & ORDER**
                                    :

NEW YORK CITY HEALTH AND     :
HOSPITALS CORPORATION,        :
                                    :
                  Defendant.  :
-------------------------------------------------------X

<u>Appearances</u>:

Chantelle A.E. Humphreys
Groveland, Florida
*Pro se Plaintiff*

Sonya Gidumal Chazin
Karasyk and Moschella, LLP
New York, New York

Nicholas Philip Pallese Schaefer
New York City Law Department
New York, New York
*Counsel for Defendant*

<u>VERNON S. BRODERICK</u>, United States District Judge:

       Before me is the objection filed by Plaintiff Chantelle A.E. Humphreys, ("Plaintiff"), to

the March 2, 2022 Opinion & Order entered by Magistrate Judge Sarah Netburn denying

Plaintiff's motion for sanctions for spoliation of evidence against Defendant New York City

Health and Hospitals Corporation, ("Defendant" or "HHC"), as well as her Motion to Reopen

Discovery, ("Motion to Reopen").  Specifically, Plaintiff sought the following sanctions: "(1)

default judgment against HHC; (2) an adverse inference jury instruction at trial; (3) an order

prohibiting HHC from presenting arguments or evidence regarding lost evidence and reasons for lost evidence at trial; (4) attorney's fees and costs associated with the motion; and (5) such further relief that [the Court] deems appropriate and a default judgment." (Doc. 132 at 3.)

Because I find that Plaintiff's objection is untimely and, in any case, fails to demonstrate any clear error in Judge Netburn's Opinion & Order, Plaintiff's objection is OVERRULED, and Judge Netburn's Opinion & Order is ADOPTED. Because Plaintiff's Motion to Reopen fails to establish good cause as to why I should reopen discovery, Plaintiff's Motion to Reopen is DENIED.

## I.    **Relevant Background**[1]

On February 19, 2021, Plaintiff filed her motion seeking sanctions for spoliation of evidence (the "Motion") against Defendant New York City Health and Hospitals Corporation ("Defendant"). (Doc. 100.) After full briefing was complete, on November 12, 2021, I referred this matter to Judge Netburn to resolve the Motion. (Doc. 124.) On March 2, 2022, Judge Netburn issued her Opinion & Order (the "Order"). (Doc. 132 ("O&O").) On March 9, 2022, I granted Plaintiff's request to expand the page limit on her anticipated objection to the Order from 25 to 30 pages and give her until April 6, 2022 to file her anticipated objection. (Doc. 135.)

On April 7, 2022, Plaintiff filed an initial objection to the Order through her former counsel. (Doc. 136.) That same day, Plaintiff's attorney moved to withdraw, (Doc. 137), and Plaintiff requested leave to file an amended objection, (Doc. 138). Also on that day, I granted Plaintiff leave to amend her objection. (Doc. 140.) Plaintiff, now *pro se*, filed her amended objection (the "Objection") on June 8, 2022. (Doc. 146.) The Objection spans 19 pages and

---

[1] For purposes of this Opinion & Order, I assume familiarity with the underlying facts and analysis as set forth in Judge Netburn's Opinion & Order. (Doc. 132.)

contains cross-references to a 175-page set of exhibits.  (*Id.*; Doc. 146-1.)  On June 30, 2022, Defendant filed a nine-page memorandum of law in opposition to the Objection.  (Doc. 150.) That same day, Plaintiff sought an extension of time and pages for her reply brief.  (Doc. 152.) On July 5, 2022, I granted Plaintiff up to 20 pages for her reply and until July 11, 2022, to file it. (Doc. 153.)  Plaintiff filed her reply on July 11, 2022.  (Doc. 154.)  On August 27, 2022, Plaintiff filed a Motion to Reopen Discovery pursuant to Federal Rule of Civil Procedure 16(b)(4), (Doc. 158), and Defendant filed its opposition on September 8, 2022, (Doc. 160.)  Plaintiff filed her reply, incorrectly labeled as a sur-reply on September 16, 2022.  (Doc. 161.)

## II.    Standards of Review

### A.    *Objection to a Report and Recommendation*

Plaintiff's lead argument in her Objection raises a question as to the applicable standard of review.  Plaintiff contends that Judge Netburn should not have issued an order on her Motion, because "[a] magistrate judge may not rule on a potentially dispositive motion without consent of the parties."  (Obj. 2.)[2]  Plaintiff is correct that there are some cases that say that a "motion present[ing] potentially dispositive questions . . . are beyond the scope of magistrate jurisdiction."  *Lamberson v. Fin. Crimes Servs., LLC*, Civil No. 11–98 (RHK/JJG), 2011 WL 1990450, at *1 (D. Minn. Apr. 13, 2011), *report and recommendation adopted*, Civil No. 11–98 (RHK/JJG), 2011 WL 1990447 (D. Minn. May 23, 2011).

However, the word "potential" does not appear in any of the statutes and rules authorizing magistrate judges to act.  Rather, a district court judge "may designate a magistrate to hear and determine any pretrial matter" save for certain motions specifically enumerated in

---

[2] "Obj." refers to Plaintiff's Amended Objection to the Magistrate's Order Entered March 2, 2022, (Doc. 146), and the page numbers citing to Obj. are in reference to those contained in the blue ECF file stamp.

statute.  28 U.S.C. § 636(b)(1)(A).  The enumerated motions include "a motion for injunctive relief, for judgment on the pleadings, for summary judgment . . . and to involuntarily dismiss an action."  *Id.*  Nowhere does the statute mention a motion for sanctions, whether for spoliation or otherwise.  The statute then goes on to say that a magistrate judge may be designated to provide "proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A)[.]"  § 636(b)(1)(B).  In other words, the statute does not restrict a magistrate judge from entering an order on a motion for spoliation sanctions.

The word "dispositive" does appear in Federal Rule of Civil Procedure 72, but the Rule does not explain what is meant by this term.  Instead, Rule 72 provides the standard of review to be used when a party objects to a magistrate judge's determination of "a pretrial matter not dispositive of a party's claim or defense," Fed. R. Civ. P. 72(a), versus the standard of review used when a magistrate judge is "hear[ing] a pretrial matter dispositive of a claim or defense," Fed. R. Civ. P. 72(b).  Thus, Rule 72 does not shed light on the threshold issue of whether a magistrate judge is barred from entering a binding order on a "potentially dispositive motion" without the consent of the parties.  (*See* Obj. 2.)  However, the answer to this question determines whether Plaintiff's Objection should be resolved under the standard of review from Rule 72(a) or from Rule 72(b).  *See* Fed. R. Civ. P. 72.

"To determine whether a magistrate judge's ruling regarding discovery sanctions is 'dispositive,' the Court must look to the effect of the sanction—if imposed."  *Khatabi v. Bonura*, 10 Civ. 1168 (ER), 2017 WL 10621191, at *3 (S.D.N.Y. Apr. 21, 2017) (citing *Kiobel v. Millson*, 592 F.3d 78, 97 (2d Cir. 2010) (Leval, J., concurring) ("Analyzing the effects of the particular sanction imposed by a magistrate judge, to determine whether it is dispositive or nondispositive of a claim, is the approach that best implements Congress's intent.")).  "Thus, in

determining between dispositive and non-dispositive discovery sanctions, the critical factor is

what sanction the magistrate judge *actually imposes,* rather than the one requested by the party

seeking sanctions." *Khatabi*, 2017 WL 10621191, at *3; *see also Gomez v. Martin Marietta*

*Corp.,* 50 F.3d 1511, 1519-20 (10th Cir. 1995) (rejecting argument that magistrate judge ruled

on dispositive motion where litigant sought default as a sanction because "[e]ven though a

movant requests a sanction that would be dispositive, if the magistrate judge does not impose

a dispositive sanction," the order is assessed under Rule 72(a)); *R.F.M.A.S., Inc. v. So*, 271

F.R.D. 13, 17 n.1 (S.D.N.Y.), *opinion adopted*, 271 F.R.D. 55 (S.D.N.Y. 2010) ("Although the

bounds of a magistrate judge's authority to resolve motions for sanctions are far from clear, the

Second Circuit has established that a magistrate judge may decide a motion for sanctions for

discovery violations under the Federal Rules of Civil Procedure by memorandum and order,

rather than by report and recommendation, at least insofar as the magistrate judge's order does

not impose terminating sanctions." (citations omitted)).  This approach makes sense given the

plain language of Rule 72, which only speaks to whether a matter is or is not "dispositive," not

whether it had the potential to be dispositive.  *See* Fed. R. Civ. P. 72; *see also* Richard L.

Marcus, 12 Federal Practice & Procedure § 3068.2 (3d ed. Oct. 2022 Update) ("The critical issue

here is what sanction the magistrate judge actually imposes, rather than the one requested by the

party seeking sanctions."); *Maria v. Rogue Tomate Chelsea LLC*, 18-cv-9826 (VSB) (GWG),

2021 WL 734958, at *1 (S.D.N.Y. Feb. 25, 2021) ("A magistrate judge's discovery orders are

generally considered nondispositive of the litigation." (citing *Thomas E. Hoar, Inc. v. Sara Lee*

*Corp.*, 900 F.2d 522, 525 (2d Cir. 1990)).

   Here, Judge Netburn did not impose any sanctions, much less the dispositive sanctions

Plaintiff sought in the Motion.  Accordingly, I must review the Order under the standard set forth

by Rule 72(a) for non-dispositive matters.  *See Rogue Tomate Chelsea*, 2021 WL 734958, at *1;

*Khatabi*, 2017 WL 10621191, at *3.  Under this standard, a district judge will set aside non-

dispositive matters where the magistrate judge's order is "clearly erroneous or is contrary to

law."  Fed. R. Civ. P. 72(a); *see also* § 636(b)(1)(A).  Under a clear error standard of review, "so

long as there is a basis in the evidence for a challenged inference," the court will "not question

whether a different inference was available or more likely."  *United States v. Freeman*, 443 F.

App'x 664, 666 (2d Cir. 2011) (quoting *Siewe v. Gonzales*, 480 F.3d 160, 168 (2d Cir. 2007)).

"An order is clearly erroneous only when the reviewing court on the entire evidence is left with

the definite and firm conviction that a mistake has been committed."  *JPMorgan Chase Bank,*

*N.A. v. Reifler*, No. 11 CIV. 4016 (DAB), 2016 WL 10570981, at *2 (S.D.N.Y. July 14, 2016)

(internal quotation marks omitted).  "An order is contrary to law when it fails to apply or

misapplies relevant statutes, case law[,] or rules of procedure."  *Lan v. Time Warner, Inc. et al.*,

11 Civ. 2870(AT)(JCF), 2016 WL 928731, at *1 (S.D.N.Y. Feb. 9, 2016) (internal quotation

marks omitted).  "It is well-settled that a magistrate judge's resolution of a non-dispositive

matter should be afforded substantial deference and may be overturned only if found to have

been an abuse of discretion."  *JPMorgan Chase*, 2016 WL 10570981, at *2 (internal quotation

marks omitted).

      Parties may raise specific, written objections to the report and recommendation within 14

days of being served with a copy of an order entered by a magistrate judge.  Fed. R. Civ. P.

72(a); *see also* Fed. R. Civ. P. 72(b)(2) (providing for this same 14-day window for a party to

object to a magistrate judge's report and recommendation).  "A party may not assign as error a

defect in the order not timely objected to."  Fed. R. Civ. P. 72(a).

### B. *Re-Opening Discovery*

"In deciding whether to reopen discovery, courts consider whether good cause exists." *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011) (citing *Gray v. Town of Darien*, 927 F.2d 69 (2d Cir. 1991). "A significant consideration is whether there has already been adequate opportunity for discovery." *Id.* (citing *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d 506 (2d Cir. 1989). Additional factors courts consider include:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*Id.*

### III. <u>Discussion</u>

As an initial matter, Plaintiff's Objection is untimely. "Both the plain wording of [28 U.S.C. § 636] and Rule 72(a) 'requires that objections to a magistrate judge's nondispositive order be timely made to the district judge assigned to the case.'" *Mestecky v. New York City Dep't of Educ.*, 13-CV-4302 (CBA) (VMS), 2016 WL 7217637, at *2 (E.D.N.Y. Dec. 12, 2016) (quoting *McNamee v. Clemens*, No. 09-CV-1647(SJ)(CLP), 2014 WL 1338720, at *2 (E.D.N.Y. Apr. 2, 2014)). Plaintiff received the extension of time she requested, until "April 6, 2022," (Doc. 135), but she did not file her initial objection until April 7, 2022, after that deadline expired, (Doc. 136). "[B]ecause 'failure to object timely to a magistrate's [disposition] operates as a waiver of any further judicial review of the magistrate's decision,' the Court need not consider the merits of [Plaintiff's] [O]bjection[]." *Lithgow v. Keyser*, 21-cv-998 (AJN), 2021 WL 4942824, at *1 (S.D.N.Y. Oct. 22, 2021) (internal citation omitted) (quoting *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989)). Untimeliness alone is grounds to

dismiss the Objection. *Mestecky*, 2016 WL 7217637, at *2.[3]

Even if I were to exercise my discretion to review Judge Netburn's Order for "clear error" given Plaintiff's *pro se* status, *see Shine v. Comm'r of Soc. Sec.*, 18 Civ. 960 (PGG) (OTW), 2020 WL 4596814, at *1 (S.D.N.Y. Aug. 11, 2020) (collecting cases), I would still not find anything in the Order erroneous. Indeed, I have reviewed the Order and find that it is thorough and well-reasoned, and I have found no clear error. Among other things, it concludes that Plaintiff "has not produced any evidence" supporting that Defendant acted with the requisite culpable mindset in failing to retain any documents, and further that Plaintiff failed to offer arguments as to why "the documents are relevant," or how Plaintiff "was prejudiced by defendant's failure to produce them." (O&O 10.)

Plaintiff's Objection does not show any error in the Order, and certainly does not show clear error. Instead, despite the 30-page limit I granted Plaintiff, (Doc. 135), the Objection proceeds by saying that, "[d]ue to page space limitations," Plaintiff must refer to portions of the 175 pages of exhibits to glean the purported "clear[] error[]." (*See, e.g.*, Obj. 14.) I have reviewed some of these cross-references, but none have demonstrated any sort of error. For example, under the heading Plaintiff numbers as 22, she says to look at her "Exhibit 3 ¶ 22." (Obj. 13–14.) In the corresponding exhibit, she writes that the Order says "evidence must be 'destroyed' for a party to seek sanctions for spoliation," but elsewhere that the Order says 'evidence must be lost or destroyed.'" (Doc. 146-1, at 80.) Plaintiff seems to suggest that the distinction between evidence being lost and evidence being destroyed is "material" to "the

---

[3] Because the Objection is untimely, even if Judge Netburn's Order should properly be construed as a report and recommendation and not a binding order for the reasons Plaintiff raises, (*see* Obj. 2–3), I would still at most apply a clear error standard of review. *Williams v. Town of Hempstead*, 16-cv-1992 (ADS)(AYS), 2019 WL 1403114, at *2 (E.D.N.Y. Mar. 28, 2019) ("The Court may adopt those portions of a report and recommendation to which improper or untimely objections have been made, provided no clear error is apparent from the face of the record."). As noted above, the Order contains no error.

outcome of [her] [M]otion," but she in no way explains how this is so.  (*Id.*)  Moreover, as the

Order correctly states, "actual destruction or loss of relevant documents is a prerequisite for

sanctions based on spoliation."  (O&O 4 (citation omitted)).  As such, I find no clear error in

Judge Netburn's Opinion and Order denying Plaintiff's motion for sanctions for spoliation of

evidence.

       Plaintiff's Motion to Reopen fails to show that good cause exists for reopening discovery,

which closed over two years ago.  (*See* Doc. 88.)  In considering the additional factors relevant to

a motion to reopen discovery, all six factors weigh against reopening discovery.  *See Bakalar*,

851 F. Supp. 2d at 493 (citing *Trebor Sportswear Co., Inc. v. The Limited Stores, Inc.*, 865 F.2d

506 (2d Cir. 1989).  Plaintiff seeks to "a) Depose witnesses regarding evidence not submitted

pursuant to demands (i.e. the late submitted documents and information Defendant gave to

Plaintiff after the spoliation motion was filed/after the close of discovery, etc); b) Serve written

discovery regarding evidence (i.e. the late submitted documents and information Defendant gave

to Plaintiff after the spoliation motion was filed/after the close of discovery, etc); c) Depose or

Serve Written Discovery on Defendant regarding misstatements it made in its late submittal;

[and] d) Amend and/or Supplement her discovery answers as it related to the new information

and documents Defendant should submit to this Plaintiff in their late production."  (Doc. 158 at

7–8.)  Just as Plaintiff was not able to establish the relevance of these documents in order to meet

the burden of sanctions for spoliation of evidence, Plaintiff again fails to establish any likelihood

that reopening discovery would lead to relevant evidence.  (*See* O&O 10–11.)  Plaintiff's

conclusory assertion that the "additional discovery appears likely to result in relevant evidence"

does not demonstrate a likelihood that further discovery would lead to relevant evidence.  (Doc.

158 at 4.)  As Judge Netburn stated, Plaintiff "does not 'present extrinsic evidence tending to

show that [the documents] would have been favorable to [her] case.'" ((O&O 10) (quoting *Richard Green (Fine Paintings) v. McClendon*, 262 F.R.D. 284, 291 (S.D.N.Y. 2009).)  In analyzing any prejudice in reopening discovery, I find that although a trial date is not set, Defendant would be prejudiced in its ability to meet the deadline for Summary Judgment, as asserted in its opposition to Plaintiff's Motion to Reopen.[4]  (Doc. 160 at 7.)  Taking into account the prejudice to the Defendant, Defendant's opposition to the Motion to Reopen, and Plaintiff's failure to illustrate the likelihood that reopening discovery will lead to relevant evidence, Plaintiff cannot establish that good cause exists to reopen discovery.

## IV.    Conclusion

For the reasons above, the Objection is OVERRULED, the Opinion & Order is ADOPTED and the Motion to Reopen is DENIED.  The Clerk of Court is respectfully directed to terminate the open motion at docket number 158.

SO ORDERED.

Dated: January 11, 2023
        New York, New York

Vernon S. Broderick
United States District Judge

---

[4] Defendant's motion for summary judgment was originally due on December 9, 2022, but I subsequently granted Defendant's extension request to move for summary judgment within 30 days of the filing of my opinion & order concerning Plaintiff's Motion to Reopen Discovery.  (Doc. 165.)