UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                          :
CHANTELLE A.E. HUMPHREYS,                                 :
                                                          :
                                    Plaintiff,            :
                                                          :     16-CV-9707 (VSB)
             - against -                                  :
                                                          :     **OPINION & ORDER**
NEW YORK CITY HEALTH AND                                  :
HOSPITALS CORPORATION,                                    :
                                                          :
                                    Defendant.            :
                                                          :
----------------------------------------------------------X

Appearances:

Chantelle A.E. Humphreys
Groveland, FL
*Pro se Plaintiff*

Sonya Gidumal Chazin
Nicholas Philip Pallese Schaefer
Steven Ernest Smith
New York City Law Department
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

On January 11, 2023, I issued an Opinion & Order overruling Plaintiff's objections to Judge Sarah Netburn's denial of Plaintiff's motion for a finding that Defendant spoliated evidence and for the imposition of sanctions. (*See* Doc. 166 ("January Opinion & Order" or "Prior Op.").) The January Opinion & Order also denied Plaintiff's motion to reopen discovery. (*See id.*) Plaintiff now seeks reconsideration of the January Opinion & Order, and has filed another document styled as a "Motion for Clarification" that seeks substantially the same relief.

(Docs. 167, 169.) Because Plaintiff's motions do not meet the requirements for reconsideration, the motions are DENIED.

I.  **Background**

I assume the parties' familiarity with the relevant facts and procedural history, which are set forth in Judge Netburn's Order, (Doc. 132), and the January Opinion & Order, (Doc. 166). Plaintiff filed a timely motion for reconsideration on January 21, 2023. (Doc. 167 ("Reconsideration Mot.").) The next day, Plaintiff filed a document styled as a "Motion for Clarification," wherein she essentially reargues the reconsideration motion using the format of an outline with bullet points in which she asks questions and in response repeats her previous arguments. (Doc. 169.) Defendant filed an opposition to the reconsideration motion on February 17, 2023. (Doc. 172 ("Opp'n").) Plaintiff filed her reply on March 6, 2023. (Doc. 174.)

II. **Motion for Reconsideration**

A.  *Legal Standard*

Plaintiff's motion for reconsideration is governed by Local Rule 6.3,[1] which provides that a party moving for reconsideration must "set[] forth concisely the matters or controlling decisions which counsel believes the court has overlooked." "A motion for reconsideration should be granted only when the [moving party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted). A party may not use a motion for reconsideration as "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical*

---

[1] Although Federal Rule of Civil Procedure 59(e) permits a party to file a "motion to alter or amend a judgment," Rule 59(e) does not apply here because there is no final judgment.

*Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up). In addition, "a party is 'barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so.'" *Berg v. Kelly*, 343 F. Supp. 3d 419, 424 (S.D.N.Y. 2018) (quoting *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 315 (S.D.N.Y. 2013)). "[T]he 'reconsideration rule' must be 'narrowly construed and strictly applied so as to avoid duplicative rulings on previously considered issues.'" *Berg*, 343 F. Supp. 3d at 424 (quoting *Merced Irrigation Dist. v. Barclays Bank PLC*, 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016).

### B. Application

Plaintiff's motion for reconsideration presents arguments numbered 1 through 15, (*see* Doc. 167), and I reference Plaintiff's numbering scheme here when addressing her arguments.

Argument 1 is that Judge Netburn incorrectly determined that Defendants produced certain documents in August and September 2019. (Doc. 167 at 2–3.) Plaintiff presented this argument to Judge Netburn, who rejected it. (Doc. 132 at 7.) I then rejected this argument in my January Opinion & Order. (Doc. 166 at 8 (finding no clear error in Judge Netburn's order).) Plaintiff may not use this motion to relitigate this issue. *See Tonga Partners*, 684 F.3d at 52.

Argument 2 is that I overlooked certain evidence Plaintiff submitted in objecting to Judge Netburn's Opinion. (Doc. 167 at 3.) Plaintiff does not explain why the evidence I supposedly overlooked dictates a contrary conclusion than I reached in the January O&O; therefore, Plaintiff cannot not win reconsideration on this issue. *See Kolel*, 729 F.3d at 104.

Argument 3 is that "Plaintiff still objects" on the ground that "magistrate judge[s] may not rule on a potentially dispositive motion without consent of the parties." (Doc. 167 at 3.) As Plaintiff's presentation of this issue belies, I have already rejected this argument. (Doc. 166 at 3–6.)

3

Argument 4 is simply a rehashing of Arguments 1–3, (Doc. 167 at 5), which I have already rejected. Indeed, Plaintiff states that she "repeats and realleges the allegations from her amended objection," (*id.*), this type of rehashing is impermissible on a motion for reconsideration. *See Tonga Partners*, 684 F.3d at 52. Likewise, Argument 5, that certain of Judge Netburn's conclusions are "clearly erroneous because they are false," (*id.* at 6), is impermissible because it cites to arguments previously considered by to Judge Netburn and presented to me in Plaintiff's objections to her opinion.

Argument 6 is that I was wrong to determine that Plaintiff's objections to Judge Netburn's opinions were untimely, (Doc. 167 at 7), but I did not rely on that ground in affirming Judge Netburn's rulings, (Doc. 166 at 8). Argument 7, simply a combination of Arguments 3 and 6, and fails for the same reasons as the standalone versions of these arguments.

Argument 8 is that it was clear error to deny her motion to reopen discovery, but simply relitigates arguments presented in opposition to Judge Netburn's Opinion. (Doc. 167 at 10 ("Plaintiff repeats and realleges the allegations from [her objection to Judge Netburn's Opinion]").) I may not consider such arguments in a motion for reconsideration. *See Tonga Partners*, 684 F.3d at 52. Similarly, Argument 9 is that certain reasons to deny Plaintiff's motion to reopen discovery were "clearly erroneous because they are false." (Doc. 167 at 10.) Argument 10 also questions my decision not to reopen discovery. (*Id.* at 11.) Plaintiff advanced the same arguments in support of her motion to reopen discovery, (*see* Docs. 158, 161), and I rejected them in my January Opinion & Order denying Plaintiff's motion. (Doc. 166 at 9–10.) As discussed, Plaintiff may not relitigate that motion now.

Argument 11 identifies certain regulations related to the preservation of evidence, (Doc. 167 at 11), but Plaintiff does not explain whether these regulations apply in this context or why

4

the regulations could not have been raised earlier. Reconsideration is not warranted on this ground.

Arguments 12, 13, and 14 consist of quotes from Judge Netburn's prior Opinion and my January Opinion & Order, stating in a conclusory way that they are "clearly erroneous because they are false, they are not supported by the exhibit they [c]ite, and they are not supported by undisputed evidence in the record." (Doc. 167 at 12–14.) I have already rejected these arguments, so Plaintiff may not raise them again in a motion for reconsideration. *See Tonga Partners*, 684 F.3d at 52.

Finally, in Argument 15, Plaintiff takes issue with the wording of Judge Netburn's summary of the relief that Plaintiff sought in her spoliation motion. (Doc. 167 at 14–15.) I find that Judge Netburn accurately described Plaintiff's motion, so Plaintiff's argument fails.

### III.   Motion for Clarification

#### A.   Legal Standard

It is within my discretion to clarify an order previously issued. *See Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 15 (1945) (clarification of orders is within the sound discretion of the district court). I may clarify an order either *sua sponte* or upon motion made by a party. *N.A. Sales Co. v. Chapman Indus. Corp.*, 736 F.2d 854, 858 (2d Cir. 1984). "Clarifications of orders previously issued . . . add certainty to an implicated party's efforts to comply with the order." *Id*. However, the same "finality" considerations that govern motions for reconsideration apply to motions for clarification. *Berg*, 343 F. Supp. 3d at 424 (internal quotation marks omitted).

#### B.   Application

Plaintiff's motion for clarification consists of 17 questions, many of which contain several sub-questions. (*See* Doc. 169.) Plaintiff's motion is improper to the extent that Plaintiff seeks to re-argue the motion for reconsideration. *See supra* § II.B. To the extent Plaintiff seeks

5

"certainty" in her "efforts to comply with" my prior orders, *see Chapman*, 736 F.2d at 858, Plaintiff is advised that I have denied her motions for a finding of spoliation, sanctions, and to reopen discovery. (*See* Doc. 166.) Discovery in the case is closed.

### IV.     Conclusion

For the foregoing reasons, it is hereby:

ORDERED that Plaintiff's motion for reconsideration is DENIED, and Plaintiff's motion for clarification is DENIED.

IT IS FURTHER ORDERED that any motions for summary judgment shall be filed no later than December 9, 2024, any opposition briefs shall be filed no later than December 23, 2024, and any replies shall be filed no later than January 6, 2025.

IT IS FURTHER ORDERED that if the parties seek a referral for settlement, they shall submit a joint request by November 14, 2024.

The Clerk of Court is respectfully directed to terminate the pending motions at Docs. 167 and 169.

SO ORDERED.

Dated: November 7, 2024
       New York, New York

Vernon S. Broderick
United States District Judge