

| MURIEL GOODE-TRUFANT<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW<br>DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | NOAH POTTER<br>Special Assistant Corporation Counsel<br>Labor and Employment Law Division<br>Phone: (917) 754-4875<br>email: npotter@law.nyc.gov |
|---|---|---|

APPLICATION GRANTED
SO ORDERED /s/ Vernon Broderick
VERNON S. BRODERICK
U.S.D.J.
Dated: 6/6/2025

**By ECF**
Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

      Re:   *Humphreys v. New York City Health and Hospitals Corporation*
             No. 16-CV-9707 (VSB)

Dear District Judge Broderick:

      I am the Special Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for Defendant, assigned to appear for Defendant in the above-referenced action.

      I write to respectfully request a brief, two-business-day extension of time, from today until Tuesday, June 10, to file Defendant's motion for summary judgment. For the reasons set forth below, Defendant contends there is good cause for the requested extension. This is Defendant's sixth request for an extension of time to file its summary judgment motion. Plaintiff does not consent to this request.

      "Under Federal Rule of Civil Procedure 6(b)(1), a court may extend a deadline before it has passed, or before its extension expires, for good cause." Enneagram Personality Types, Inc. v. Kajtezovic, No. 24-CV-6747, 2025 U.S. Dist. LEXIS 40718 at *21 (W.D.N.Y. Mar. 6, 2025) (citing Fed. R. Civ. P. 6(b)(1)(A)). "Rule 6(b)(1) is a 'non-rigorous standard' that 'gives the district court *wide discretion* to grant a request for additional time.'" Id. (emphasis in original; quoting Alexander v. Saul, 5 F.4th 139, 154 (2d Cir. 2021)). "'An application for an extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" Id. (quoting Alexander, 5 F.4th at 139 and 4B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1165 (4th ed. 2021)); see also Gaskin v. Castro, No. 3:13-CV-1387, 2014 U.S. Dist. LEXIS 87633 at *4 (D.

Conn. June 27, 2014) ("The good cause standard requires a particularized showing that the time limitation in question cannot reasonably be met despite the diligence of the party seeking the extension") (citation omitted).

The reason for the instant request is due to unforeseen technical difficulties last night with my supervisor's email to me of a draft of the motion papers, and an unforeseeable internet outage in my neighborhood today, which caused me to lose many hours of working time. I have been working diligently to synthesize the large discovery record in this matter into a Rule 56.1 statement and draft arguments in favor of summary judgment in a memorandum of law. Yesterday evening, I sent my supervisor the latest draft of the memorandum of law for review. My supervisor reviewed the draft and believed he had returned it to me by email last night so I could incorporate his edits. However, due to unforeseeable technical problems, Microsoft Outlook did not complete the process of sending the email to me. Specifically, it appears that when accessing Outlook from a web browser, if the user closes the browser window before Outlook has completed the process of sending the email, Outlook ceases the sending process. It was not until this morning when my supervisor saw my email to him shortly after midnight that he learned that Outlook had not delivered his email, which he then resent to me. I had intended to work on making the last edits last night into the early morning hours today, but due to the unforeseeable technical problem I was only able to begin working on incorporating the edits later this morning, causing me to lose nearly 12 hours of work at this critical juncture in finalizing the motion papers. On top of that, there was an Optimum internet outage in my neighborhood today from shortly after 9 a.m. to 12:30 p.m., which has further slowed my efforts to finalize the motion.

While I am currently working diligently to finalize the memorandum of law (within the limitations of the interment outage), it will need to be reviewed once more by my supervisor and also by the H+H liaison attorney before it can be filed. Due to religious observance, however, I am unable to work past approximately 8:00 p.m. tonight. Furthermore, I will have to send the final memorandum of law to the Law Department's Operations Division (which closes at around 5:30 p.m.) to create a table of contents and authorities, which will require additional time to complete.

Accordingly, despite my diligence, and due to the unforeseeable technical problems, I will not be able to finalize Defendant's motion in time to file it before 8:00 p.m. tonight. In order to permit the necessary layers of review and time to create a table of contents and authorities, I respectfully request an extension of time until Tuesday, June 10 to file Defendants' motion for summary judgment. This short delay will result in no prejudice to Plaintiff, and Defendants are of course more than willing to consent to any corresponding extension she may desire.

I sincerely apologize to the Court and Plaintiff for the delay, and I thank the Court for its patience and consideration herein.

Respectfully Submitted,

*s*/Noah Potter
Special Assistant Corporation
Counsel

cc: Chantelle A.E. Humphreys (via ECF and email)
*Plaintiff Pro Se*
chumphreyscmu@gmail.com