December 24, 2025

Hon. Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

**Re: Humphreys v. New York City Health and Hospitals Corporation**
**Case No. 1:16-cv-09707-VSB-SN**
**Plaintiff's Sixth and Final Request for Extension of Time to File Combined Opposition,**
**Cross-Motion, and Motion to Strike**

Dear Judge Broderick:

I respectfully submit this request for a sixth and final extension of time to file my combined memorandum of law opposing Defendant's summary judgment motion, supporting my cross-motion for summary judgment, and incorporating my anticipated motion to strike. These filings are currently due on January 16, 2026, pursuant to the Court's 12/3/2025 Order (Dkt. 220). While this is Plaintiff's sixth request overall, it is only Plaintiff's fifth request for an extension made after Defendant was permitted to supplement its summary judgment motion with additional (untimely) materials, i.e., HHC_ESI 113, 613, 633, 679, 701, 856, 1355, 1461–63, 1939–40, and 1955–56, and after the Court granted Defendant six extensions relating to its own summary judgment filings. See Dkt. 192–193. Plaintiff does not intend to request any further extensions.

I respectfully request an additional 14 days, up to and including January 30, 2026, to complete and file her combined memorandum of law and related submissions.

Good Cause

Good cause exists for this request. Plaintiff respectfully submits the following circumstances, which arose after the Court granted her prior extension:

1. Computer Failure and Replacement
After the Court granted Plaintiff her prior extension, on December 8, 2025, Plaintiff's computer unexpectedly failed, displaying a Windows error message stating, "Automatic repair couldn't repair your PC." This failure prevented access to some of her legal drafts and research necessary to prepare her combined summary judgment opposition, cross-motion, and motion to strike. Plaintiff promptly took the device to a repair shop, where she was informed that it could not be repaired locally. As a result, Plaintiff purchased a new laptop and storage drive, and had to wait for delivery before transferring all necessary files

to the new device. These steps, while necessary to continue working, delayed Plaintiff's ability to resume preparation of her filings. Documentation of the error message and assessment can be provided to the Court upon request.

2. Holiday Travel and Family Obligations

Plaintiff must travel out of town during the Christmas holiday season to attend to urgent family obligations, including her mother's anticipated surgery at the end of December 2025, which cannot be postponed. This necessary travel, combined with time needed to set up the new computer and transfer files, further reduces the limited time available to complete her filings due on January 16, 2026.

3. New Job Training Demands

Plaintiff began a new job in late September 2025, and her onboarding and training obligations required a substantial portion of the time provided by the prior extension. Although Plaintiff is now more settled in her role, the unexpected computer failure, delivery wait, and necessary file transfer impacted Plaintiff's available time.

4. Procedural Fairness

On June 6, 2025, the Court granted Defendant a sixth extension relating to its summary judgment submissions on grounds materially similar to those presented here. Plaintiff respectfully requests comparable procedural fairness, especially given the numerous claims at issue, the supplemental materials Defendant was permitted to add to the record, the substantial record, and in light of Plaintiff's pro se status.

5. Pro Se Status and Complexity of Case

Plaintiff is proceeding pro se, and this case involves over 18 unique claims across Title VII, NYSHRL, NYCHRL, FMLA, FLSA, and NYLL. This is Plaintiff's first time preparing and filing a summary judgment opposition, cross-motion, or motion to strike. Plaintiff requires additional time to carefully review the voluminous record and Defendant's supplemented filings, draft coherent legal arguments, and consult with the Pro Se Legal Clinic to ensure filings are complete, accurate, and comply with Court rules.

This extension will not prejudice Defendant, as briefing remains incomplete and no trial date has been set. Defendant consents to the requested 14-day extension.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this sixth and final extension of time up to January 30, 2026.

Respectfully submitted,

Chantelle A. E. Humphreys
Plaintiff Pro Se
123 Falling Acorn Ave
Groveland, Florida 34736
Email: chumphreyscmu@gmail.com

On December 3, 2025, I granted Plaintiff's "Fifth and Final Request" for an extension of time to file a combined memorandum of law and supporting documents in opposition to Defendant's summary judgment motion filed on June 10, 2025. (Doc. 220.) In my last grant, I advised Plaintiff that "further extension requests are unlikely to be granted barring extenuating circumstances." (*Id.*) Plaintiff has now filed a "Sixth and Final Request" for an extension of time, (Doc. 221), which is the fourth extension request since I granted Defendant's request to deem certain inadvertently omitted pages as incorporated into Exhibit G to the Defendant's declaration in support of its summary judgment motion, (Doc. 211). This case has been pending for over nine years and Plaintiff's reasons for this sixth extension request are largely duplicative of her fifth extension request. Plaintiff's new reason for an extension request, a computer failure, does not state that she lost access to her previous drafts, was unable to work on her drafts for a significant period of time, or that she is otherwise unable to meet the current January 16, 2026 deadline. Accordingly, I grant Plaintiff a one-week extension of time to file a combined memorandum of law and supporting documents in opposition to Defendant's summary judgment motion by **January 23, 2026**. Plaintiff is advised that further extension requests are unlikely to be granted barring extenuating circumstances.

SO ORDERED:

HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE    1/5/2026