UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
CHANTELLE A.E. HUMPHREYS,                                   :
                                                           :
                                    Plaintiff,             :
                                                           :           16-CV-9707 (VSB)
                    -against-                               :
                                                           :               **ORDER**
                                                           :
NEW YORK CITY HEALTH AND                                    :
HOSPITALS CORPORATION,                                      :
                                                           :
                                    Defendant.             :
-----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

Before me is Plaintiff's request regarding:  (i) the submission of a summary judgment

objections sheet; (ii) separate docketing of her forthcoming summary judgment opposition and

cross-motion; (iii) a page extension for the forthcoming Rule 56.1 counterstatement of additional

material; and (iv) sealing of confidential or medical information in connection with previously

filed documents and Plaintiff's forthcoming summary judgment opposition and Rule 56.1

counterstatement.  (Doc. 223.)  Also before me is Plaintiff's request to file a "short amended

letter providing clarification regarding docket references" in Doc. 223. (Doc. 224.[1])  Plaintiff

does not indicate whether Defendant opposes her requests; however, Defendant filed an

opposition on January 16, 2026, (Doc. 225).  I address each request in turn.

## I.    **Summary Judgment Objections Sheet**

First, Plaintiff requests permission to "submit her summary judgment objections in the

form of a Rule 56.1-style objections sheet, distinct from her combined memorandum of law

opposing Defendant's motion and supporting her cross-motion."  (Doc. 223 at 1.)  Plaintiff's

---

[1] Plaintiff may include her clarifications, if necessary, in the 5-page letter to be filed by **February 5, 2026** after she meets-and-confers with Defendant, as directed below.

1

request to submit an "objections sheet" comes after I granted Plaintiff's page extension request to submit the following:  (i) a memorandum of law in opposition to Defendant's summary judgment motion and in support of her cross motion, which shall not exceed 50 pages, (ii) a Rule 56.1 statement in response to Defendant's Rule 56.1 statement, which shall not exceed 20 pages, (iii) a Rule 56.1 counterstatement, which shall not exceed 20 pages (and extended to 46 pages below in Part III), and (iv) supporting affidavits or declarations, which shall not exceed 20 pages.  (Doc. 218.)  Although Plaintiff asserts that a separate objections sheet is "necessary to address [] procedural deficiencies and to organize related evidentiary objections," (Doc. 223 at 1), Plaintiff has failed to adequately allege that there is insufficient space to address such concerns in the 50-page memorandum, the 20-page response to Defendant's Rule 56.1 statement, the 46-page Rule 56.1 counterstatement, and the 20-page supporting affidavits.  Therefore, I DENY Plaintiff's request to submit an additional objections sheet.

## II.    <u>Separate Docketing</u>

Second, Plaintiff requests that I "direct the Pro Se Intake Unit/Clinic to docket Plaintiff's summary judgment filings separately, including the Notice of Motion, opposition memorandum of law, Rule 56.1 counterstatement of material facts, Plaintiff's summary judgment declaration, and, if [I] grant[] permission, Plaintiff's separate summary judgment objections sheet—with all exhibits, including those attached to the summary judgment declaration or any other declarations, filed as individually labeled sub-exhibits" rather than docket these documents as one combined PDF.  (Doc. 223 at 1–2.)  I GRANT Plaintiff's request insofar as I direct the "Pro Se Intake Unit/Clinic" to docket Plaintiff's summary judgment filings separately, including:  the Notice of Cross-Motion for Summary Judgment, memorandum of law in support of Plaintiff's Cross-Motion for Summary Judgment and in opposition to Defendant's Motion for Summary Judgment, separate Rule 56.1 statements in response to Defendant's Rule 56.1 Statement and a

2

counterstatement of additional material facts in support of Plaintiff's Cross-Motion for Summary Judgment, and Plaintiff's declaration in support of her Cross-Motion for Summary Judgment and in opposition to Defendant's Motion for Summary Judgment.  As I decided *supra* Part I, I denied Plaintiff's request for an objections sheet.

### III.    Extension of Rule 56.1 Counterstatement Page Limit

Third, Plaintiff requests an extension of the page limit for her Rule 56.1 counterstatement of additional material facts from 20 pages to 46 pages, or alternatively, 30 pages, because her Third Amended Complaint "spans 42 pages and asserts 19 distinct claims."  (Doc. 223 at 3–4.) Plaintiff initially requested a page extension up to 20 pages for her Rule 56.1 statement in response to Defendant's Rule 56.1 statement and up to 20 pages for her counterstatement of additional material facts, (Doc. 217), which I granted, (Doc. 218).  Nonetheless, I GRANT Plaintiff's request to extend the page limit of her Rule 56.1 counterstatement to 46 pages.

### IV.    Sealing Request

Fourth, Plaintiff states that several filings submitted by both Plaintiff and Defendant contain Plaintiff's highly personal medical details and requests (1) sealing the entire case or (2) sealing specific filings containing confidential or medical information and permitting Plaintiff to file her entire summary judgment opposition and Rule 56.1 counterstatement of material facts under seal.  (Doc. 223 at 3–5.)  Plaintiff identifies the following documents as containing confidential information:  Docs. 1, 2, 5, 21, 37, 107, 108, 108-6, 203-1, 203-2, 203-7, 203-8, 203-9, 203-12, 203-15, 203-17, and 203-18.  (Doc. 223 at 3–4.)  These documents, and Plaintiff's alleged (but unidentified) confidential information, have been available to the public for at least seven months, and with respect to the complaints, (Docs. 2, 5, 21, 37, and 203-1), at least eight years.  However, this is Plaintiff's first request to file such documents, including documents she herself filed, under seal.

"There is a presumption of public access to judicial documents under both the common law and the First Amendment." *Haider v. Geller & Co. LLC*, 457 F. Supp. 3d 424, 426 (S.D.N.Y. 2020); *see also Nixon v. Warner Commc'ns*, 435 U.S. 589, 597–98 (1978) (common-law right of access to judicial documents); *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006) (same). "A party seeking the sealing of court documents must overcome a strong presumption in favor of public access to judicial records." *Marin v. Chancellor, Univ. of Oxford*, No. 22-CV-2839, 2022 WL 3328154, at *1 (S.D.N.Y. July 18, 2022) (citing *Lugosch*, 435 F.3d at 119). "The Second Circuit has articulated a three-step process for determining whether documents should be placed under seal." *Church Ins. Co. v. ACE Prop. & Casualty Ins. Co.*, No. 10-CV-698, 2010 WL 3958791 (quoting *Mut. Marine Off., Inc. v. Transfercom Ltd.*, No. 08-CV-10367, 2009 WL 1025965, at *4 (S.D.N.Y. Apr. 15, 2009)). First, a court must determine whether the documents are judicial documents, or documents that are "relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Second, a court determines the weight of the presumption of public access to judicial documents and the public's First Amendment right to access the documents. *Id.* at 119–20. Third, a court must "balance competing considerations" against the presumption of full public access. *Id.* at 120 (internal quotation marks omitted); *see also In re Applications to Unseal 98 CR 1101(ILG)*, 568 F. App'x 68, 69 (2d Cir. 2014) ("This right of access is, of course, qualified, and documents may be sealed in some cases."). "Those competing considerations may include, among others, the danger of impairing law enforcement or judicial efficiency and the privacy interests of those resisting disclosure." *Olson v. Major League Baseball*, 29 F.4th 59, 88 (2d Cir. 2022) (internal quotation marks omitted).

"The standard is even higher when a litigant seeks to seal an entire case. Because the

4

public can never evaluate a case that remains permanently sealed, a Court may only permit the sealing of an entire case file as a last resort.  Given this, courts routinely deny requests to seal an entire case." *Campbell v. Columbia Univ.*, No. 22-CV-10164, 2023 WL 6038024, at *5 (S.D.N.Y. Sept. 15, 2023) (internal quotation marks omitted) (collecting cases); *see also Veleron Holding, B.V. v. Stanley*, No. 12-CV-5966, 2014 WL 1569610, at *6 (S.D.N.Y. Apr. 16, 2014) ("Sealing an entire case file, or any significant part of it, is particularly disfavored, because it conceals the very existence of lawsuits from the public.") (internal quotation marks omitted and alterations adopted)).  While Plaintiff asserts that she "has already received unsolicited calls from strangers concerning her medical information," (Doc. 223 at 3), this is insufficient to merit sealing the entire case given the high bar for sealing an entire docket.  "A desire to prevent the . . . public from accessing case materials is insufficient to warrant sealing, particularly the sealing of an entire case." *Campbell*, 2023 WL 6038024, at *8.  Accordingly, I DENY Plaintiff's request to seal the entire case.

Plaintiff seeks to seal her Application to Proceed *In Forma Papueris* ("IFP"), (Doc. 1), filed over nine years ago.  (Doc. 223 at 4.)  "With respect to IFP applications, general concerns over disclosure of financial status have been held insufficient to overcome the presumption of public access." *Wimberly v. Experian Info. Sols.*, No. 18-CV-06058, 2021 WL 1146277, at *1 (S.D.N.Y. Mar. 24, 2021) (denying the plaintiff's application to seal affidavit submitted in connection with application for IFP status).  Plaintiff does not specifically identify the confidential information included in her IFP application, and I am unable to identify any such confidential information sufficient to overcome the presumption of public access.  "Moreover, '[i]f personal financial information were held *per se* grounds for sealing, all . . . [documents] submitted with requests for *in forma pauperis* status under 28 U.S.C. § 1915 would automatically be sealed. Such is not the case.'" *Marin v. Mosley*, No. 24-CV-1009, 2024 WL

4894813, at *1 (N.D.N.Y. Nov. 8, 2024), *report and recommendation adopted*, 2024 WL

4893271 (N.D.N.Y. Nov. 26, 2024) (quoting *Sardarian v. Fed. Emergency Mgmt. Agency*, No.

19-CV-0910, 2019 WL 8331444, at *3 n.3 (D. Conn. Sept. 16, 2019)); *see also Marin*, 2022 WL

3328154, at *1 (denying the plaintiff's "request to seal his IFP application" because he

"assert[ed] no other facts suggesting that he is differently situated from other litigants seeking

IFP status who submit the form without a sealing order."), *motion to certify appeal denied*, 2022

WL 4780823 (S.D.N.Y. Oct. 3, 2022).  Accordingly, Plaintiff's request to seal her IFP

application is DENIED.

Plaintiff also seeks to seal her complaints, including:  Doc. 2 (initial complaint), Doc. 5

(First Amended Complaint), Doc. 21 (Second Amended Complaint), Doc. 37 (Third Amended

Complaint), and Doc. 203-1 (Third Amended Complaint).  (Doc. 223 at 3–4.)  Plaintiff's

complaints are "pleadings" and therefore judicial documents to which the strong presumptions of

public access attaches.  *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132,

139–40 (2d Cir. 2016); *Rosario v. Cmty. Hous. Mgmt. Corp.*, No. 22-CV-9855, 2024 WL

836482, at *2 (S.D.N.Y. Feb. 28, 2024) (collecting cases).  Plaintiff, again, does not specifically

identify the confidential information included in the complaints, nor does she address the

"presumption of access" for the complaints or provide any compelling reason to seal the

complaints at least eight years after they were filed.  *See Bernstein*, 814 F.3d at 139–40

(recognizing that a complaint "is the cornerstone of every case, the very architecture of the

lawsuit, and access to the complaint is almost always necessary if the public is to understand a

court's decision" (internal quotation marks omitted)).  Plaintiff merely states that the complaints,

as well as several other documents "contain Plaintiff's medical information that was designated

as confidential but nevertheless filed publicly," without specifying what confidential medical

information is alleged in her complaints and where that information appears in her complaint.

(Doc. 223 at 3.)  "As a general rule, the 'blanket sealing' of an entire document is disfavored."

*Nielson Consumer LLC v. Circana Grp., L.P.*, No. 22-CV-3235, 2024 WL 990073, at *2

(S.D.N.Y. Mar. 6, 2024) (quoting *Imig, Inc. v. Omi Elec. Appliance Compay Co.*, No. 16-CV-

628, 2021 WL 9628853, at *1 (E.D.N.Y. Jan. 11, 2021) (collecting cases)).  "Moreover, Plaintiff

can hardly have an expectation of privacy about information that she provided in her

[c]omplaint[s]"—filed in 2016, (Docs. 2, 5) and 2017 (Docs. 21, 37, and 203-1[2])—which

"contained no request to seal and no request to proceed under a pseudonym.  The information

Plaintiff now seeks to protect has long been part of the public record in this case and formed the

basis for [my] decision dismissing the" Third Amended Complaint in part, (Doc. 50).  *Fournier*

*v. Bank of Am. Corp.*, No. 13-CV-702, 2019 WL 13217232, at *2 (N.D.N.Y. Oct. 1, 2019).

"[W]here, as here, a party fails to take immediate steps to request that publicly filed materials be

sealed, its request to redact or seal may be denied for that reason."  *Fischman v. Mitsubishi*

*Chem. Holdings Am., Inc.*, No. 18-CV-8188, 2019 WL 3034866, at *2 (S.D.N.Y. July 11, 2019)

(collecting cases).  Accordingly, Plaintiff's request to seal her complaints, (Docs. 2, 5, 21, 37,

and 203-1), is DENIED.

Plaintiff similarly seeks to seal several documents—Defendant's memorandum of law,

(Doc. 107), and declaration, (Doc. 108), in opposition to Plaintiff's sanctions motion; a letter

from Plaintiff's former counsel to Defendant's counsel requesting to meet and confer regarding

discovery responses, (Doc. 108-6); Plaintiff's deposition transcript, (Doc. 203-2); three

documents filed in support of Defendant's motion for summary judgment, including a 42-page

long email communication, (Doc. 203-7), a 40-page long email communication, (Doc. 203-8),

and a 38-page long email communication, (Doc. 203-9); a memorandum to Chantelle

---

[2] Doc. 203-1 is a copy of the Third Amended Complaint filed on December 1, 2017, attached as Exhibit A to the Declaration of Noah Potter in support of Defendant's Motion for Summary Judgment.  (Doc. 203.)

Humphreys with the subject line "Re: Lateness and Unexcused Absences," (Doc. 203-17); and three EEOC complaints (Docs. 203-12, 203-15, and 203-18)—without identifying the confidential information included in these documents. (Doc. 223 at 3–4.) Plaintiff does not even attempt to narrowly tailor her sealing request, instead proposing that these documents be sealed in full. "The Second Circuit does not permit such indiscriminate sealing." *Ayotte v. Nat'l Basketball Ass'n*, No. 22-CV-9666, 2025 WL 2490761, at *1 (S.D.N.Y. Aug. 29, 2025) (citing *Lugosch*, 435 F.3d at 124 (sealing must be "narrowly tailored" to the interest sought to be protected)); *Nielson Consumer LLC*, 2024 WL 990073, at *2 ("A sealing request is 'narrowly tailored' when it seeks to seal *only* that information that must be sealed to preserve higher values") (emphasis in original)). Accordingly, the parties shall meet-and-confer and submit letter briefs, as directed below, regarding Plaintiff's request to seal Docs. 107, 108, 108-6, 203-2, 203-7, 203-8, 203-9, 203-12, 203-15, 203-17, and 203-18.

## V.    Conclusion

Accordingly, it is hereby ORDERED that: (i) Plaintiff's request to file a summary judgment objection sheet is DENIED; (ii) Plaintiff's request that I direct the "Pro Se Intake Unit/Clinic" to docket Plaintiff's summary judgment filings separately is GRANTED; (iii) Plaintiff's request to extend the page limitation of her Rule 56.1 counterstatement to 46 pages is GRANTED; (iv) Plaintiff's request to seal the entire case is DENIED; and (v) Plaintiff's request to seal Docs. 1, 2, 5, 21, 37, and 203-1 is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall submit a sworn affidavit, by **January 30, 2026,** regarding the details and content of the "unsolicited [phone] calls from strangers" that Plaintiff has received "concerning her medical information," (Doc. 223 at 3). To the extent Plaintiff does not wish to publicly file those documents, Plaintiff can email them to brodericknysdchambers@nysd.uscourts.gov, and must articulate why they should not be filed

8

publicly.  If sent by email, Plaintiff should be sure to include defense counsel in the email thread.

IT IS FURTHER ORDERED that the parties shall meet-and-confer regarding the Plaintiff's sealing request and each party shall file a letter, no longer than 5 pages each, by **February 5, 2026**, describing:  (1) whether Defendant objects to Plaintiff's sealing request, including Plaintiff's request to seal previously-filed documents (Docs. 107, 108, 108-6, 203-2, 203-7, 203-8, 203-9, 203-12, 203-15, 203-17, and 203-18) and Plaintiff's request to file her entire summary judgment opposition and Rule 56.1 counterstatement of material facts under seal[3]; (2) the parties' analysis of the law to previously-filed documents (Docs. 107, 108, 108-6, 203-2, 203-7, 203-8, 203-9, 203-12, 203-15, 203-17, and 203-18) and Plaintiff's summary judgment opposition and Rule 56.1 counterstatement, including how any privacy risks or potential harm Plaintiff may experience as a result of the requested documents not being under seal outweighs or does not outweigh the presumed public access to the judicial process under the three-step process for determining whether documents should be placed under seal in *Lugosch*, 435 F.3d at 119–20; and (3) any other relevant considerations.  The parties are referred to Federal Rule of Civil Procedure 5.2, my Individual Rules & Practices in Civil Cases, the Southern District's ECF Privacy Policy, Southern District's Electronic Case Filing Rules & Instructions, and the Southern District's September 24, 2025 Notice to the Bar announcing changes to electronic access to and service of sealed documents.

IT IS FURTHER ORDERED that, in light of this Order, Plaintiff's time to file a combined memorandum of law and supporting documents in opposition to Defendant's Motion for Summary Judgment and in support of her Cross-Motion for Summary Judgment is extended

---

[3] Plaintiff is reminded that the Southern District's Electronic Case Filing Rules & Instructions require the party making the sealing application to "[e]lectronically file the proposed sealed document under seal using a restricted Viewing Level in ECF, and electronically relate it to the motion." ECF Rules & Inst. § 6.5(c).  This permits me to view the documents at issue for the purpose of adjudicating a motion to seal.

from February 6, 2026 to **February 16, 2026**.

SO ORDERED.

Dated:        January 28, 2026
              New York, New York

Vernon S. Broderick
United States District Judge